## Chase *versus* The Petroleum Bank.

1.  Chase having balances in a bank requested them to pay a debt for him, agreeing that if they would do so, his balances should be applied to the repayment.    The bank paid the debt and Chase gave his note for the amount; it being agreed that the balances should be adjusted in a short time.    Before they were adjusted the bank failed and went into the hands of a receiver.  *Held*, that there had been an appropriation of the balances to the note, and that in a suit by the bank on the note the balances were to be deducted.

2.  The transaction was a contract, the appropriation of the balances being the consideration for the advance.

3.  After the advance by the bank, Chase could not have checked out the balances.

4.  The balances could not have been attached by Chase's creditors.

October 18th 1870.    Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Crawford county :* No. 157, to October and November Term 1870.

In an action of debt in the Court of Common Pleas of Crawford county, of November 1866, between the Petroleum Bank to the use of F. W. Ames, receiver, plaintiff, and Joseph L. Chase, defendant, on a note for $800, the jury found the following special verdict March 29th 1870 :—

" On or about the 22d day of March 1866, the defendant called upon John R. Madison, the cashier and general discount agent of the Petroleum Bank, and requested him to pay the premium on the life insurance policies of the said Chase to the amount of $800, Madison and Chase agreeing that certain. balances then due from the bank to said Joseph L. Chase, E. B. Chase & Co., of which firm Joseph L. Chase was a member, and Ida B. Chase, daughter

of said Joseph L. Chase, for whom he acted, should be applied to the payment of the said $800.

"That said bank did pay the said $800 for the said Chase who, on the 23d day of March 1866, gave his note to the said bank for the sum so paid by it for premiums on said insurance policies. That at the time of this transaction the said Joseph L. Chase was sick, and the balances due the aforesaid parties respectively were to be adjusted, and the matter closed up as soon as he was well enough to be again about his business. That before the said Chase got well, or any actual application of these balances was made to said notes, to wit, on the 28th day of March 1866, the bank failed and never resumed business. That no checks for the balances due the several parties before named were ever made by them or any of them in favor of the bank because of the failure of said bank before the recovery of said Chase from his illness.

"That E. B. Chase, of the firm of E. B. Chase & Co., agreed and was willing that the balance due the firm should be applied to said note as agreed between the cashier and Joseph L. Chase. That after the failure of the bank the defendants called upon the said Madison several times to apply the balances aforesaid to the said notes, which he declined to do because of the failure of said bank. That the said F. W. Ames is the duly appointed receiver of said bank.

"If the court should be of opinion that upon the facts as found by us, the defendant is entitled to have the aforesaid balances deducted from the amount of said notes, we find for the plaintiff the sum of $273.54, and interest from March 23d 1866 to this day. If the court shall be of the opinion that said balances should not be deducted, we find for the plaintiff the sum of $800, and interest from the 23d of March 1866 until this day."

The court (Vincent, J.) entered judgment for the plaintiffs for $992.80, as of March 29th 1870.

The defendant assigned this for error on the removal of the case to the Supreme Court.

*Douglass & McCoy*, for plaintiff in error.—The transaction between the cashier and the defendant was an appropriation of the balances binding on both: Greenfield's Estate, 12 Harris 232; Clemson *v.* Davison, 5 Binn. 392; Nesmith *v.* Drum, 8 W. & S. 9; Hill *v.* Epley, 7 Casey 331.

*F. P. Ray*, for defendants in error, referred to Act of May 1st 1861 (Banking Companies), § 34, Pamph. L. 516, Purd. 84, pl. 35.

The opinion of the court was delivered, January 3d 1871, by
WILLIAMS, J.—We are of the opinion that the facts found by

[Chase *v.* The Petroleum Bank.]

the special verdict show an equitable appropriation of the balances of the deposit accounts in the bank, of which the defendant had the control, to the payment of the money for which his note was given.   The contract was not a mere naked agreement that the funds should be applied to the payment of a debt previously contracted; but it was a contract under which the bank advanced the money in consideration of the defendant's agreement that the funds should be appropriated to its payment.   There was therefore a good and sufficient consideration for the defendant's agreement that the funds should be so appropriated.   After the bank had advanced the money to pay the premium on his life insurance policies, the defendant had no legal right to withdraw the funds, and the bank might have withheld them.   Nor were they liable to be attached by his creditors as against the bank, for they were appropriated by the agreement of the parties to the payment of the money which the bank had advanced on the defendant's account.   If, therefore, the defendant could not have withdrawn the funds, and if they were not liable to an attachment at the suit of his creditors, neither the bank nor its creditors have any right to refuse to have them deducted from the amount of the note.   The right to the deduction depends upon the agreement of the parties appropriating the funds, and not upon the giving of checks for the adjustment of the balances in pursuance of the agreement.   If the defendant had refused to give checks for the balances, the bank would have had the right to treat them as actually appropriated to the payment of the note.   The rights of the parties under the agreement must be mutual, and therefore the defendant is entitled to insist upon the appropriation as if it had been actually made on the books of the bank.   The court therefore erred in entering judgment for the amount of the note with interest.   The judgment should have been entered for the balance due thereon, after deducting the deposits in the bank which had been appropriated, by the agreement of the parties, to its payment.

And now, January 3d 1871, it is ordered and decreed that the judgment entered on the special verdict in this case be and the same is hereby reversed : and it is now ordered that judgment be entered for the plaintiff on the special verdict for the sum of $273.54, with interest thereon from the 23d of March 1866, in accordance with the finding of the jury.