## Saylor *versus* Bushong.

1. The holder of a check cannot maintain an action in his own name against the drawees, though they have sufficient funds of the drawer, if they refuse to accept it.

2. Where the drawees have expressly, or impliedly promised the drawer to pay the check, the holder may sue if payment be refused.

3. When a depositor settles his account with the bank, and leaves the exact amount of an outstanding check expressly for its payment, and the bank tacitly retains the money, and settles on that basis, it is liable to the holder, on the implied acceptance.

4. A. drew a check on the bank to B.'s order. B. presented the the check for payment, but was refused, being told the bank had suspended. A. subsequently obtained from the bank, a note for the amount due him, less the amount of B.'s check. He did not wish, he said, to make himself liable to B. He directed, therefore, the amount of said check to be omitted from his note. In an action on the check by B., against the bank, *Held*, that there was evidence, from which a jury might infer an implied promise, on the part of the bank, to pay the check on demand.

February 27th 1882.   Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas of *Berks county:* Of January Term 1881, No. 176.

| | |
|---|---|
| 100 | 23 |
| 117 | 101 |
| 100 | 23 |
| 131 | 364 |
| 100 | 23 |
| 161 | 200 |
| 100 | 23 |
| 205 | 1  12 |
| 100 | 23 |
| 30 SC | 295 |
| 100 | 23 |
| 31 SC | 1649 |
| e  31 SC | 1652 |
| 100 | 23 |
| f220 | 1  4 |

[Saylor *v.* Bushong.]

Assumpsit, by John Saylor against Jacob Bushong and Henry Bushong, trading as Bushong & Brother, bankers, upon the following check :

No. 47.                                    Reading, October 18th 1877.
                    BUSHONG & BRO. Bankers.          Stamp.]
  .Pay to John Saylor or order nineteeen hundred and ninety dollars.                                WM. R. YEICH, Treasurer.
    Indorsed :
       JOHN SAYLOR.

The narr. averred, inter alia, that the check had been presented to and accepted by the defendants, and that payment had been refused. It also contained the common counts. Plea, non assumpsit.

On the trial, before HAGENMAN, P. J., the plaintiff's evidence was to the following effect :—Wm. R. Yeich, the drawer of the check, was treasurer of the West Reading Savings Fund and Loan Association, and as such kept a bank account with Bushong & Bro. The payee, Saylor, received the check on the day of its date (October 18th 1877), but did not present it to the drawees for payment until about November 17th 1877, when answer was made that the bank (Bushong & Bro.) had suspended payment, and could not pay it, as they were using all alike.

On May 22d 1878, Yeich called at the bank to have his account settled, and obtain a note for the balance due him, under an arrangement which had been made between the bank and its creditors. The settlement showed his credit balance, as of January 1st 1878, to be $3,997.69. Yeich stated, that the Saylor check for $1,990 was outstanding, and he desired to have that omitted from his note, which was done, and a note was given him for the remainder of his account. No entry of the Saylor check was, however, made in his bank-book, or in the books of the bank. Yeich testified the reason why he requested the amount of the Saylor check to be deducted was, that he did not wish to make himself liable to Saylor by including it in his note. There was no evidence that the fact of this arrangement was communicated to Saylor.

The plaintiff presented the following points :

1. That if the jury find that in the settlement made between the parties on May 22d 1878, the defendants had knowledge of the Saylor check, and deducted the amount of it from the amount due Yeich, treasurer, this amounts to an acceptance of the Saylor check, and the defendants became liable to pay it.

2. The fact that the defendants deducted the Saylor check

[Saylor *v.* Bushong.]

from the amount due Yeich was an appropriation of so much money in their hands for the payment of the check, and makes them liable.

3. The amount of Saylor's check thus remaining in the defendants' hands makes them liable to pay the amount of the check under the count for money had and received.

The Court declined to affirm these points, and charged the jury, inter alia, as follows:

[The check has been in the possession of Mr. Saylor from the time he received it, until the present time, when he brought it here in court. Thus matters stood until the 22d of May, 1878, at which time Mr. Yeich, called upon the defendants—the Bushongs—for a settlement ; and it is upon what took place at that time that the plaintiff claims the right to recover in this action. The defendants maintain that, in order to enable the plaintiff to recover, he must show privity of contract between himself and them, and, as none has been shown, there can be no recovery. It seems settled by the decisions, that when a depositor draws his check on a bank, payable to another, the holder of the check cannot sue in his own name unless he shows an express promise or undertaking of the bank, signifying its intent to assume the obligation, or some act from which the law will imperatively imply such valid promise or undertaking.]

After referring to the transaction of May 22d 1878, between Yeich and the bank, his Honor continued :

[The plaintiff asks the jury to find from this evidence that there was a promise or undertaking on the part of the defendants to pay this check.] Mr. Yeich wanted to leave the credit stand, because he did not wish to make himself liable to pay Saylor the check. Even if there was a promise or undertaking at the time the note was given to Mr. Yeich, [it nowhere appears in the evidence that any such promise or undertaking was communicated to Mr. Saylor. In order to establish a privity of contract, such communication must be made.]

Although there may have been a undertaking, or an assent upon the part of the defendants at the time this book was settled, between Henry Bushong (or Judge Bruckman) and Mr. Yeich, [if there was no communication made of that assent to Mr. Saylor there can be no recovery in this case. There being no evidence of any communication to Mr. Saylor of a promise, undertaking or assent on the part of the defendants to pay this check, under the recent decisions of the supreme court it would be error in this court to submit to the jury to find any such fact.] This instruction of the court virtually disposes of the case.

[We say to you that there has been no evidence given to

[Saylor *v.* Bushong.]

the court or jury, that, even if there was an undertaking, or a promise, or an assent made by the Bushongs to pay this check to Mr. Saylor, no such promise, assent or undertaking has been communicated to Mr. Saylor, and therefore Mr. Saylor cannot recover . . . . The defendants are entitled to a verdict.]

Verdict, accordingly, for the defendants. The plaintiff took this writ of error, assigning for error the refusal of the court to affirm his points, and the portions of the charge included in brackets.

*J. H. Jacobs* and *Samuel L. Young* (*C. H. Ruhl* with them), for the plaintiff in error.—An acceptance of a check may be either express or implied. The settlement between Yeich and the bank, whereby the former relinquished all claim to the amount of the outstanding check, and the bank retained the same, amounted to an implied acceptance by the bank, which entitled Saylor to sue the bank in his own name: Fogarties *v.* Bank, 8 Am. L. Reg. (O. S.) 393. The promise, being based on the consideration of the bank's retaining the money, need not be made immediately to the plaintiff, or even communicated to him, being founded on privity in law: Blymire *v.* Boistle, 6 Watts 184; Dutton *v.* Poole, 2 Levinz 210; Stoudt *v.* Hine, 9 Wr. 30; Townsend *v.* Long, 27 P. F. S. 143; Justice *v.* Tallman, 5 Norris 147; Merriman *v.* Moore, 9 Norris 78. We were entitled to recover under the count for money had and received. The assent of the defendants to retain the amount of the Saylor check was after it had been presented to them. This was evidence of privity of contract, and should have been submitted to the jury.

*Jeff. Snyder* and *Geo. F. Baer*, for defendants in error.— The defendants' liability was to Yeich, and the fact that at his request a note was given him for only a part of his claim, is no evidence of a promise on their part to pay the remainder to Saylor. They remain liable to Yeich, and a payment to Saylor would not be a defence in a subsequent action by Yeich. The latter's bank-book still shows a balance due him, for which he may, at any time, bring suit. The transaction between the bank and Yeich, not communicated to Saylor, created no liability of the bank to Saylor, and he, as the mere payee of the check, had no right of action in his own name against the banker.

Mr. Justice Trunkey delivered the opinion of the court, April 17th 1882.

It may be regarded as settled that the holder of a check can-

not maintain an action in his own name against the drawees, though they have sufficient funds of the drawer, if they refuse to accept it: Bank of the Republic v. Millard, 10 Wallace 152; Carr v. The Bank, 107 Mass. 45. A check may be revoked before presentment by the drawer's death, or by his order not to honor it, but if not revoked, it is the duty of the bank to pay on demand. For breach of this duty, the drawer has a right of action. If the check has not been revoked, by common usage, the holder expects it will be paid on presentment. He may suffer a real injury by refusal, for which he may be without redress, as in case of the drawer becoming insolvent before recourse to him could be effectual. It would seem that the holder ought to have a remedy against the bank for a wrongful refusal of payment, arising from an implied promise from the usages of business, or the course of dealing between the parties; and so it was held in some cases prior to Bank v. Millard. If the bank, in violation of its duty, dishonors a check, the holder may be injured quite as much as the drawer, and the bank ought to be answerable to each party injured by breach of the contract. Prior to acceptance, it is said, there is no privity between the holder and the bank, and, therefore, the holder cannot maintain an action.

But if the bank expressly or impliedly promise the drawer to pay the check, the holder may sue if payment be refused. Thus, when a check was drawn to C., and B. indorsed C.'s name without authority and received the money, the bank having deducted the check from the drawer's account and settled with him on that basis, it was held that the conduct of the bank was an acceptance, and that C. could recover from the bank: Seventh Nat. Bank v. Cook, 73 Pa. St. 483. When a depositor settles his account with the bank, and leaves the exact amount of an outstanding check expressly for its payment, and the bank tacitly retains the money and settles on that basis, it is liable to the holder on the implied acceptance. All parties to the check would naturally infer from such action that the bank retained the money for use of the holder.

Saylor received the check on October 18th 1877, and presented it in November following, when payment was refused, with the remark that the bank had suspended and was using all alike. In May 1878, Yeich called on the bank for a note for the amount due, to be determined by the stubs of his checkbook, and a note was given for the balance. In making out the balance Saylor's check was deducted from the credits, just as the other checks were, except that some interest was allowed for Saylor. Yeich did not want to make himself liable to Saylor by including his check in the note, and directed the check to be left out. These are the facts the jury would likely have found

had the testimony been submitted, and they could reasonably have inferred an agreement by the bank to keep the money and pay the check.

Saylor was holding the check, and the defendants knew it. In settlement with the drawer, at his request, they kept of his money the amount of the check for the purpose of its payment. No other purpose was expressed, and no other could be inferred. It matters not that the amount of the check was not formally charged against Yeich and credited to Saylor. Had that been done, it would have evidenced the plaintiff's right to recover on the count for money had and received, held by the defendants and appropriated by the drawer to the plaintiff's use, and, therefore under an implied promise to him to pay it on demand: Seventh Nat. Bank *v.* Cook, supra. If the facts are proved otherwise than by the books, the result is the same.

It is unnecessary to specially remark the several assignments of error. The learned judge of the Common Pleas thought the evidence insufficient to warrant a finding by the jury that, in the settlement, the defendants kept the amount of Saylor's check under an agreement with Yeich to pay the same to Saylor. We think it was ample, and should have been submitted.

Judgment reversed and venire facias de novo awarded.