## HUGH FINAN v. SIMEON BABCOCK AND MICHAEL ENGELMANN.

*Novation—New trial—Trade orders—Amendment of declaration—Agency—*
*Commercial paper—Error without injury—Costs.*

| 58 | 301 |
| 62 | 479 |
| 58 | 301 |
| 87 | 523 |
| 58 | 301 |
| 94 | 366 |
| 58 | 301 |
| 125 | 22 |

1. New trial will not be ordered for an error which could not have prejudiced appellant.

2. A lumberman's order in this form: [Date and address] Pay to the order of H. F. the sum of ten dollars, and charge the same to Camp 8. [Signature] is in essentials a draft, and must be accepted before it will sustain an action.

3. The rights and liabilities of parties to commercial paper appear on its face; and where there is nothing to show that it was signed by an ,agent or for whom the agent acted parol proof to that effect is inadmissible.

4. A declaration in an action for the amount of an order may be amended in the discretion of the trial court so as to admit testimony that the person giving the order acted as agent and that it amounted to a novation of the indebtedness.

5. A novation arises where A owes B and B, C, and B pays C with an order charged to B on A's books and drawn by A's authorized agent; this shifts A's indebtedness from B to C.

6. Where a question of fact is properly submitted and the finding thereon necessarily determines the result, an error of the judge in the theory on which he submits the case may not be such error as to require reversal.

7. Costs were withheld on affirmance where error appeared which could not affect the result.

Error to Manistee. (Judkins, J.) Oct. 16.—Oct. 28.

ASSUMPSIT. Defendant brings error. · Affirmed.

*Ramsdell & Benedict* for appellants. An agent is personally liable on a note signed by him unless he signs as agent: *Leadbitter v. Farrow* 5 M. & S. 345; *Sowerby v. Butcher* 2 C. & M. 368; 4 Tyrwh. 320; Byles on Bills (8th ed.) 33; Dicey on Parties 240; *Williams v. Robbins* 16 Gray 77; *Dubois v. Canal Co.* 4 Wend. 285; *Woodbury v. Blair* 18 Ia. 572; *Bickford v. Bank* 42 Ill. 238; *Rand v. Hale* 3 W. Va. 495; *Moss v. Livingston* 4 Comst. 208; *Hovey v. Ma-*

*gill* 2 Conn. 680; *Rossiter v. Rossiter* 8 Wend. 494; *Emerson v. Providence &c. Co.* 12 Mass. 237; *Bradlee v. Glass Co.* 16 Pick. 347; *Long v. Colburn* 11 Mass. 97; *Ballou v. Talbot* 16 Mass. 461; *Roberts v. Button* 14 Vt. 195; *Campbell v. Baker* 2 Watts 83; but see *DeWitt v. Walton* 5 Selden 571; *Rice v. Gove* 22 Pick. 158; where the principal's name does not appear, he is not liable on a bill or note as a party to the instrument: *Pentz v. Stanton* 10 Wend. 271; *Bult v. Morrell* 12 Ad. & E. 745; 10 L. J. (Q. B.) 52; compare *Lindus v. Bradwell* 5 C. B. 583; 17 L. J. (C. P.) 121; *Stockpole v. Arnold* 11 Mass. 27; *Briggs v. Partridge* 63 N. Y. 357; *Baker v. Mech. F. Ins. Co.* 3 Wend. 94; *Sturdivant v. Hull* 59 Me. 172; *Haverhill Ins. Co. v. Newhall* 1 Allen 130; *Fiske v. Eldridge* 12 Gray 474; *Tilden v. Barnard* 43 Mich. 376; *Fenn v. Harrison* 3 Term 761; *Holmes v. Burton* 9 Vt. 252; *Newhall v. Dunlap* 14 Me. 180; *Morell v. Codding* 4 Allen 403; *Guernsey v. Cook* 117 Mass. 548.

*A. J. Dovel* for appellees.　A principal is liable either when he has given the agent sufficient authority, or when he justifies the party dealing with him in believing that he has given him such authority : *Kasson v. Noltner* 43 Wis. 646 ; *Bouck v. Enos* 61 Wis. 660; see Pars. N. & B. 100; *Wood v. Auburn* 8 N. Y. 160; *Edwards v. Schaffer* 49 Barb. 291; where a clerk is usually intrusted to sign notes or usually does sign notes for his principal, which are afterwards paid, or recognized to be valid, he is presumed to possess a rightful authority to do so in other instances within the scope of the same business.　Story on Agency § 55.

CHAMPLIN, J.　The defendants composed the firm of S. Babcock & Co., and in December, 1884, were engaged in carrying on the lumbering business.　In one of their camps they employed James Finan as foreman.　He was authorized to keep the time of the men, and when they wanted their pay to settle up with them by giving them a statement, addressed to Babcock & Co., of the number of days which they had worked, and the price agreed to be paid, and their account at the camp signed by Finan as foreman.　He was authorized to draw orders on the firm of Salling, Hanson & Co. in the name of the firm of S. Babcock & Co., by himself as foreman.　If he wanted money himself he drew his draft, or

gave orders signed by himself, which if paid were charged to him individually. He had the powers usually given to foremen of lumber camps. He employed men and discharged them, kept their accounts in camp, credited them with their work, gave them their time, bought hay and potatoes, certified to correctness of bills, and the bills were paid on his certificate. He gave his personal order or drafts, which defendants paid and charged to him. If on settlement with him such personal orders or drafts appeared to have been for the benefit of the firm, they were allowed and credited up to him on his personal account.

Thomas Hislop had been employed by defendants in their camp of which James Finan was foreman, and on the 6th of December, 1884, the defendants were indebted to him in a sum exceeding ten dollars. He, being indebted to Hugh Finan, procured from the foreman the following draft or order:

"PORTAGE, December 6th, 1884.

*S. Babcock & Co.* : Pay the order of Hugh Finan the sum of ten dollars, and charge the same to Camp 8.

JAMES FINAN."

The foreman then charged Hislop with the amount upon the books, and Hislop delivered the order to Hugh Finan in payment of his debt to him. On the same day the foreman gave a similar order to Thomas Hislop, as payee, for another ten dollars, which was paid by defendants on presentation. On the trial the camp-book was produced and identified by the foreman, in which two orders, amounting to twenty dollars appear charged to Thomas Hislop, under date of December 6th, 1884. The record shows that at the time of the trial no settlement had been had between Thomas Hislop and defendants, but that defendants still owed him ten dollars or more. The defendants never accepted the order in writing, and there was no evidence that it was ever presented for acceptance before suit brought. There was evidence of a communication between plaintiff and defendants' book-keeper respecting the order, which was immaterial, and admitted against the defendants' objection on that ground, but in the

view we have taken of this case its admission worked no injury to defendants, and the case will not be sent back for a new trial for that error.[1]

The defendants' counsel requested the court to instruct the jury as follows:

1. That the plaintiff was not entitled to recover from the defendants on the evidence.

2. That if James Finan understood that orders drawn by him on defendants in the form of the order sued on were, when paid, to be charged to him, then the order is not a liability against the defendants until accepted.

3. That plaintiff cannot recover on the facts of this case unless the order was accepted by the defendants in writing.

4. That the novation of the debt of Thomas Hislop is simply a transfer of his claim against defendants to James Finan, but defendants would not thereby become liable to plaintiff, except through their written acceptance of the order in suit.

These requests were refused, and the court instructed the jury as follows:

" I will say to you, and let it go upon the record, that if you find that this man was the duly authorized agent of Babcock & Co. to draw this kind of an order, and fix the amount of it, and give it to the man in payment for his claim, it would be binding upon the firm without a written acceptance, and the plaintiff should recover upon it, and would stand in the same situation as though Babcock himself had drawn it upon himself. There would be no question in the law if Michael Engelmann or S. Babcock had drawn this order and signed their names to it, either one of them; upon their firm it would be binding in law, and legal without any acceptance, because in itself, it fixed the liability of the firm; and I believe myself, at the present time, that if this man was the duly authorized agent for that purpose, and he drew it, that it would stand upon the same basis in law as though it was drawn by S. Babcock or Michael Engelmann. Now, then,

---

[1]This communication was by telephone with a person whom the plaintiff supposed to be defendants' book-keeper, and the essential point in it was that the book-keeper admitted that there was nothing the matter with the order, and the firm would pay it when they got money.

that being the law of the case, the next question is to apply the facts to that proposition of law, and decide this case properly and correctly. There has been proof introduced here on the part of the plaintiff tending to show that James Finan was the duly authorized agent for this purpose. If you find he was the duly authorized agent, you may allow the plaintiff to recover for the amount of this paper, and the interest upon it from the time the demand was made. On the other side, there has been proof offered on the part of Mr. Babcock, one of these defendants, that he never authorized this man to draw this kind of a paper at all; that he never did; and he had no instructions and no authority whatever in that direction, and that he trespassed, and went beyond the scope of his agency, in this behalf, and therefore they are not liable. If that is true, then of course, they are not liable. If this man James Finan had no power to draw this, no authority to draw it, then it would stand upon the same basis as though I had drawn it, or you had drawn it, and would have no binding force whatever. Now, in settling that question, you are to be guided and controlled by the evidence in the case. You will take all the circumstances in the case together—the conduct of this man Finan in making out papers, if any were made of this character, or a similar character, and the knowledge and acquiescence of Babcock & Co. Take into consideration the positive testimony of Mr. Babcock that he had no such power, or instruction or agency; take into consideration the testimony of Mr. Finan as to what he claimed the agency was,—and then settle this case in such a way as satisfies your judgment as to what is right. I think, as a matter of law that on no other theory can the plaintiff recover in this suit. I think there was no such novation as would authorize the plaintiff to recover. I have thought that matter over somewhat, and I think the only chance for the party to recover in this suit is upon this order. That was the theory that the action was commenced upon; that was the theory the action was tried upon in justice court, and the theory upon which he can recover,—upon the mere theory that Mr. Finan was the duly authorized agent to draw this order,—and that will raise the question fairly; and if, as a matter of fact, the court should afterwards hold that this order is not valid until accepted, then it disposes of the case."

The learned circuit judge was in error in instructing the jury that the plaintiff's right to recover depended upon the order alone and upon the authority of Mr. Finan to draw it.

If the order should be considered the basis of recovery, independent of the transactions out of which it arose, the plaintiff could not recover without proof of acceptance. The writing is in the form of a draft, and does not differ in any of its essential features from that class of commercial paper; and if a recovery is sought upon it as such, the action and evidence must be governed by the law applicable to that class of contracts. The law is well settled that the rights and liabilities of parties to commercial paper are those which appear upon the face of the instrument, and that it is incompetent to show by parol proof that the maker of a draft or note signed it in the character of agent, where there is nothing upon the face of the paper to indicate that it was so signed, or for whom such agent acted in making the paper. *Williams v. Robbins* 16 Gray 77.

If the present case had been tried upon the theory stated by the court to the jury, we should feel compelled to reverse the judgment. The record, however, which contains all the evidence and proceedings upon the trial, shows that the case on the part of the plaintiff was tried in the circuit court upon a different theory. On the trial an amendment to the declaration, which we think was within the discretion of the trial judge, was permitted, under which it was competent to introduce evidence tending to prove the agency of James Finan and the novation of the indebtedness in question in this suit. And this was the theory upon which the plaintiff tried the suit in the circuit. There was no dispute respecting defendants' indebtedness to Thomas Hislop, nor of his to Hugh Finan, nor of Hislop's paying his debt to Finan by the order in question, which was charged to Hislop on defendants' books. The jury found that Finan had authority to draw and sign this order as the agent of defendants. It follows that the indebtedness of defendants to Hislop to the amount of this order was paid and discharged, and also the indebtedness from Hislop to Hugh Finan, and that, instead of the indebtedness to Hislop, the defendants owed to Hugh Finan what they had before owed to Hislop. The facts proved operated as a complete novation, as we held

under similar circumstances in *Mulcrone v. American Lumber Co.* 55 Mich. 622, decided at the last January term;. and the court should have submitted the case to the jury upon plaintiff's theory.

The question remains whether the judgment should be reversed for this error. From the testimony in the case we do not see that there was any room for a different conclusion than that to which the jury arrived, and we are satisfied that upon the evidence the plaintiff was entitled to recover.

The only evidence upon which there was any dispute was the extent of the agent's authority, and whether it extended to the making of the order. This question the court submitted to the jury, and they have found that it did. We do not see that the error of the court tended in any degree to prejudice the rights of the defendants; the whole question was gone into upon the trial, under the plaintiff's theory, and the judgment must be

Affirmed, but without costs to either party in this Court.

The other Justices concurred.