JOHN A. PFAFF ET AL. V. ENOCH P. CUMMINGS.

67 143
77 515
67 143
105 352

*Pleading—Acceptance of bill of exchange—Statute of frauds—Consideration—Novation.*

1. Under the well-settled rules of pleading, averring an acceptance means such an acceptance as would be legally valid.

2. We have two statutes of frauds governing this case; one making invalid the unwritten promise to pay the debt of another (How. Stat. § 6185, subd. 2), and one forbidding action on any unwritten acceptance (How. Stat. § 1583).

3. While no agreement can be sustained without a valid consideration, the agreement itself cannot be proved by showing such consideration, nor can the statute which requires a writing be satisfied with anything else, if the case falls within it.

4. On a review of the testimony, the Court held:
   *a*—That the agreement of defendant was to pay the debt of another, and falls within the statute.
   *b*—That no mutual agreement is shown for a novation.

Error to Ottawa. (Arnold, J.) Argued July 7, 1887. Decided October 6, 1887.

Assumpsit. Plaintiffs bring error. Affirmed. The facts are stated in the opinion.

*V. W. Seely,* for appellants.

*George A. Farr,* for defendant.

CAMPBELL, C. J. This suit was brought to recover of defendant the sum of $147 08, the amount of a debt which plaintiffs held against one Sellick, which they claim defendant became bound to pay them.

The declaration sets out this state of things: That defendant was indebted to Sellick for work and materials used on defendant's house, and agreed with plaintiffs that if they wou'd obtain a written order from Sellick, and would credit

Sellick with the amount, he would pay the order on demand; that they got the order, and agreed with Sellick to discharge him, and presented the order to defendant, who accepted and promised to pay it; that he promised Sellick to pay it, and Sellick so notified plaintiffs, and they thereupon discharged Sellick.

The declaration also contained the common counts, under which they claimed the amount of the account as assumed by defendant.

Upon the trial no proof was made of any writing executed by defendant, and the court held there was no evidence of any other valid arrangement, and gave judgment for defendant.

The declaration, although setting out such a consideration as would sustain the acceptance of an order from Sellick by defendant, counts entirely on that order as an accepted order.   Under the well-settled rules of pleading, averring an acceptance means such an acceptance as would be legally valid, and therefore no question could arise on its sufficiency. But it is always necessary to show a valid obligation, and the question arises whether such an obligation was shown.

We have two statutes of frauds which govern the suit, both on the special and on the common counts.   One makes invalid the unwritten promise to pay the debt of another,[1] and the other forbids action on any unwritten acceptance.[2] These usually would involve similar considerations.

Upon the argument here, as below, it was strongly urged that the facts made out a complete consideration for the alleged agreement, and this was more or less relied on to make out the agreement itself, as it often has been in such cases.   But, while no agreement can be sustained without a valid consideration, the agreement itself cannot be proved by showing it.   The statute which requires a writing

---

[1] How. Stat. § 6185, subd. 2.

[2] How. Stat. § 1583.

cannot be satisfied with anything else, if the case falls within it.

The testimony was held, and we think correctly, to make out no agreement not covered by the statute. The account of plaintiffs against Sellick was for goods already furnished, and not for articles to be thereafter furnished. They were already furnished by Sellick to defendant, and included in his house. He had no occasion to obtain any further action from plaintiffs, and had no interest whether they were paid by Sellick or not.

The debt was purely Sellick's debt, and any agreement by defendant to pay it was an agreement to pay the debt of another, and could only be made by a written agreement. The promise he was actually charged with in the declaration was the acceptance of a bill of exchange or money order, and no written acceptance of this was shown. Neither branch of the statute was complied with. The circumstances, at most, were like those in *Elliott v. Miller*, 8 Mich. 132, where, as here, the acceptance, if made, would have been supported by a sufficient consideration and strong equities, but where the want of a written undertaking was held fatal.

The case entirely fails to show any mutual agreement between plaintiffs, Sellick, and defendant, whereby defendant was to be substituted for Sellick as plaintiffs' only debtor, and was to be discharged himself from liability to Sellick. Whatever may have been the purposes of the parties, they were never carried out into action. The testimony tended to show a verbal promise by defendant to assume the obligation, but it showed no more. He was never notified that Sellick was to be or was discharged, and Sellick continued charged as principal debtor as before, and defendant was never charged, and was never notified that he was charged, in his stead. Sellick continued to look to defendant as his own debtor. The whole case tends to show an incomplete transaction, which fell short of compliance with

the statute.   The parties do not agree concerning the facts, and the case exemplifies the necessity of adhering to the statutory requirements, which were intended to avoid the effect of such contradictions.   Had defendant actually paid plaintiffs, the debt of Sellick would have been satisfied by the payment, and defendant would have been justified by the written order.   But as he neither paid nor accepted it, nothing resulted from it in his relations to Sellick, or in Sellick's relations to plaintiffs.

The judgment should be affirmed.

The other Justices concurred.