## JOHN MAGINN v. DOLLAR SAVINGS BANK.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS NO. 1 OF ALLEGHENY COUNTY.

Argued November 11, 1889—Decided January 6, 1890.

1. The holder of an unaccepted check or draft cannot maintain thereon an action in his own name against the drawee, even though the check or draft be drawn for an entire balance due from the drawee to the drawer: Saylor v. Bushong, 100 Pa. 27.

2. Moreover, " no person within this state shall be charged, as an accep-tor on a bill of exchange, draft or order drawn for the payment of money, exceeding twenty dollars, unless his acceptance shall be in writing, signed by himself, or his lawful agent:" Act of May 10, 1881, P. L. 17.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WIL-LIAMS, McCOLLUM and MITCHELL, JJ.

No. 264 October Term 1889, Sup. Ct.; court below, No. 18 December Term 1887, C. P. No. 1.

On September 10, 1887, John Maginn brought assumpsit against the Dollar Savings Bank, to recover a check or order drawn upon the defendant by James McCartney, payable to the order of John Maginn, dated July 19, 1887, for $631. Issue.

At the trial on May 22, 1889, before COLLIER, J., the plaintiff testified that on July 19, 1887, he received the check in suit from James McCartney, stating the circumstances, under which he received it, as follows: " He told me he had money in the Dollar Savings Bank; he hadn't enough to satisfy the full claim, and I told him I would take what was there and give him fair time for the balance. He said he thought he had in all about enough, and he went down to the Dollar Savings Bank, and the gentleman behind the counter that had charge of the books, he had his book there, whether M'Cartney carried the book there or not I do not know, and he had the book and went all through, and he had $631 in; when M'Cartney made a note (check) and I retained M'Cartney's note, only the bank said they had to have some one to guarantee he was the party had the money there."

He further testified that the check was one of the bank checks; was obtained in the bank building, and that one of the persons in the bank in charge of the books told him that the check would become payable in seven weeks.

H. F. McGrady testified for the plaintiff that he presented the check on the day that it became due, and that payment was refused on the ground that McCartney had notified the bank not to pay the check.

At the close of the plaintiff's testimony in chief, the court on motion of the defendant entered judgment of nonsuit, with leave, etc. A rule to show cause why the judgment of nonsuit should not be lifted was subsequently discharged, and judgment having been entered on the verdict, the plaintiff took this appeal, assigning for error the orders entering the judgment of nonsuit and discharging the rule to show cause why the judgment should not be lifted.

*Mr. H. F. McGrady* and *Mr. J. E. McDonald*, for the appellant.

Counsel cited: Bispham's Eq., §§ 167, 172; Nesmith v. Drum, 8 W. & S. 9; Chase v. Petroleum Bank, 66 Pa. 169; Greenfield's Est., 24 Pa. 232; Hill v. Epley, 31 Pa. 331; Bank of Mt. Joy v. Gish, 72 Pa. 13; Lloyd v. McCaffrey, 46 Pa. 410; Attorney General v. Insurance Co., 71 N. Y. 325 (27 Am. Rep. 55); Phoenix Iron Co. v. Philadelphia, 2 W. N. 596;

Opinion of the Court.

Caldwell v. Hartupee, 70 Pa. 74; East Lewisburg L. & M. Co.
v. Marsh, 91 Pa. 96; Power's App., 63 Pa. 445; McWilliams
v. Nisley, 2 S. & R. 507; Bayler v. Commonwealth, 40 Pa.37;
Sharpless v. Welsh, 4 Dall. 279.

*Mr. Ross W. Sterret* (with him *Mr. G. W. Guthrie, Mr.
J. M. Kennedy* and *Mr. Jas. C. Doty*), for the appellee.

Counsel cited: Saylor v. Bushong, 100 Pa. 23; Act of May
10, 1881, P. L. 17.

PER CURIAM:

It was held in Saylor v. Bushong, 100 Pa. 23, that the hold-
er of a check cannot maintain an action thereon in his own
name against the drawees, though they have sufficient funds
of the drawer, if they refuse to accept it. . This is familar law.
It is claimed, however, that the case in hand does not come
within this rule, for the reason that the check or order in con-
troversy was for the entire balance due McCartney by the
Dollar Savings Bank, upon which it was drawn, and that said
order was an equitable assignment of the fund. If we treat it
as an equitable assignment, it is clear that Maginn could not
sue thereon in his own name. But there is a more serious diffi-
culty in the way. The act of May 10, 1881, P. L. 17, provides
" that no person within this state shall be charged, as an ac-
ceptor on a bill of exchange, draft, or order drawn for the pay-
ment of money, exceeding twenty dollars, unless his acceptance
shall be in writing, signed by himself, or his lawful agent."
The paper upon which this suit is brought is a draft or order
for the payment of money exceeding twenty dollars, and there
is no evidence that the bank on which it was drawn accepted
it in writing. The act is plain in its terms, and is a flat bar to
a recovery in this action.

Judgment affirmed.