161     199|
f 31 SC  653|

# National State Bank of Camden *v.* Lindeman, Appellant.

*Banks—Parol promise to pay check—Act of May* 18, 1881.

Under the act of May 18, 1881, P. L. 17, which declares that no person shall be charged as an acceptor of a bill, draft, or order for the payment of money exceeding twenty dollars, unless his acceptance shall be in writing, a bank is not bound by the verbal promise of its president that a check shall be paid if the holder will retain it for a few days.

Argued March 30, 1894.   Appeal, No. 297, Jan. T., 1894, by defendant, William T. Lindeman et al., from order of C. P. No. 2, Phila. Co., June T., 1893, No. 786, making absolute rule for judgment for want of sufficient affidavit of defence.   Before GREEN, WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ.   Affirmed.

Rule for judgment for want of sufficient affidavit of defence in assumpsit on promissory notes.

Defendant filed an affidavit of defence in which he claimed a set-off of $201.54, on account of a verbal promise by the president of plaintiff bank to pay a check of one A. C. Lamar, if defendant would hold it for a few days.

Rule for judgment absolute.   Defendant appealed.

*Error assigned* was above order.

*Joseph L. Tull,* for appellants, cited: Saylor v. Bushong, 100 Pa. 23; Act of May 18, 1881, P. L. 17; Lloyd v. McCaffrey, 46 Pa. 414; Chase v. Bank, 66 Pa. 169; Morse on Banks and Banking, 1st ed., p. 42; Munn v. Burch, 25 Ill. 21.

*John Weaver, John Sparhawk, Jr.,* with him, for appellee, cited: Bank v. Millard, 77 U. S. 152; Bank v. Cook, 73 Pa. 483; Bank v. Shoemaker, 117 Pa. 94; Maginn v. Bank, 131 Pa. 362.

PER CURIAM, April 16, 1894:

Admittedly no right of action against the bank was conferred upon the defendants by the mere presentation of the check for $201.54, and its refusal of payment. But the affidavit of defence alleges that the president of the bank substantially accepted it and promised to see it paid if the holder would retain it for a few days. We are clearly of opinion however that the act of May 18, 1881, P. L. 17, Purd. 188, pl. 2, applies to that aspect of the case and defeats any right of action. The act expressly declares that no person within this state shall be charged as an accceptor of a bill, draft, or order for the payment of money exceeding $20.00, unless his acceptance shall be in writing signed by himself or his lawful agent.

In Maginn v. Dollar Savings Bank, 131 Pa. 362, we held that the act of 1881 was a flat bar to a recovery upon a bank check which had been presented for payment and refused, and one of the officers had told the holder it would be payable in seven weeks, for the explicit reason that the check was not accepted in writing. That case covers every feature of this. In this case there was at most nothing but the verbal promise of the president of the bank. The cases of Saylor v. Bushong, 100 Pa. 23, and Chase v. Petroleum Bank, 66 Pa. 169, are inapplicable, as they were decided upon different facts. Moreover in both of these cases the transactions occurred before the act of 1881 was passed.

Judgment affirmed.