THE SHUTT IMPROVEMENT COMPANY v. ERWIN &
FRANCIS.

No. 12,917.   (71 Pac. 521.)

SYLLABUS BY THE COURT.

BILL OF EXCHANGE—*Acceptance in Writing Necessary*.  The
drawee of a bill of exchange or an order to pay money is not
liable in an action thereon by the holder until after he has ac-
cepted such bill or order in writing.

Error from Montgomery district court ; THOMAS J.
FLANNELLY, judge.   Opinion filed February 7, 1903.
Reversed.

*J. B. & W. E. Ziegler*, for plaintiff in error.

*T. H. Stanford*, and *William Dunkin*, for defendants
in error.

The opinion of the court was delivered by

GREENE, J.: The plaintiff in error had a contract for grading a portion of the road-bed of the K. O. C. & S. R. R. in the Indian Territory. It sublet a portion thereof to J. A. Scott & Son, who became indebted to Erwin & Francis for provisions and supplies furnished them in performing their contract. For this indebtedness J. A. Scott & Son issued to Erwin & Francis certain time certificates drawn on the Shutt Improvement Company. Payment was refused. Erwin & Francis sued J. A. Scott & Son and the Shutt Improvement Company on these certificates and recovered judgment, from which the Shutt Improvement Company prosecutes error. The petition alleges :

"That the said defendants, J. A. Scott & Son, were at all times hereinafter referred to partners doing business as subcontractors under the Shutt Improvement Company ; and that at all times hereinafter referred to the said J. A. Scott & Son were the agents and employees of the said Shutt Improvement Company and duly authorized by the said defendant, the Shutt Improvement Company, to hire men and teams, and to buy provisions to be used in the construction of the said railroad, and that in payment therefor the said J. A. Scott & Son were duly authorized to issue time certificates drawn upon the said defendant, the Shutt Improvement Company."

These certificates are alike except in amount, and read as follows :

"No. 4869.        TIME CERTIFICATE.
CAMP AT MILE 32.
THE SHUTT IMPROVEMENT COMPANY.
Date, September 11, 1899.
PAYABLE ON FINAL ESTIMATE.

"Erwin & Francis, supplies furnished to laborers on K. O. C. & S. W. R. R.

Five hundred dollars.————
$500.00.        Balance,        $500.00.
J. A. SCOTT & SON, Subcontractors."

The following appeared on the margin :

"This time certificate is not valid unless counter-signed by I. M. Hacker and stamped with the office stamp, 'The Shutt Improvement Company, Pueblo, Colo.'"

At the trial the defendants objected to the introduction of any evidence because the allegations in the petition were insufficient to constitute a cause of action in favor of plaintiff.   This was overruled, to which the defendants excepted.

The question presented to the court below by the objection to the introduction of evidence, and insisted upon here, is that the petition does not state facts showing the defendant's liability on these certificates. We think this objection well taken, and it should have been sustained.   The petition was fatally defective. These certificates or orders drawn by J. A. Scott & Son on the Shutt Improvement Company were not accepted by the latter.   The statement that J. A. Scott & Son were the agents and authorized to draw the certificates will not, in the absence of a showing that the drawee had accepted the certificates in writing, make it liable in an action on the certificates.   Section 547, General Statutes of 1901, reads :

"No person within this state shall be charged as an acceptor of a bill of exchange, unless his acceptance shall be in writing, signed by himself or his lawful agent."

A "bill of exchange" as here used, means nothing more than a written order to pay money.

Many states have similar statutes, and where they exist it has been uniformly held that the drawee of a bill of exchange or order to pay money is not liable in the absence of a written acceptance.   In the case of

*New York and Virginia State Stock Bank v. Gibson*, 5 Duer, 574, 585, the court said :

"A bill of exchange, in the proper sense of the term, never operates as an assignment of the fund against which it is drawn, and when there has been no binding promise to accept, and no express agreement by which a trust has been created, it is only by a positive acceptance, in the form which the statute prescribes, that a right of action against the drawee can accrue to the holder. (*Cowperthwaite v. Sheffield*, 1 Sandf. S. C. R. 436, and 3 S. C. Comstock, 243 ; *Marine and Fire Ins. Bank v. Jauncey*, 3 Sandf. 259 ; *Winter v. Drury*, id. 261 ; s. c., 1 Selden, 525.)"

See, also, the cases of *Auerbach et al. v. Pritchett*, 58 Ala. 451 ; *Moeser, Admr., v. Schneider*, 158 Pa. 412, 27 Atl. 1088.

Under a similar statute in Michigan, the supreme court, in *Pfaff v. Cummings*, 67 Mich. 143, 34 N. W. 281, held that a verbal acceptance by a debtor of a drawer of an order to pay was invalid, and an action could not be maintained thereon. In *Maginn v. Dollar S. Bank*, 131 Pa. St. 362, 18 Atl. 901, affirmed in *Bank v. Lindeman*, 161 Pa. St. 199, 28 Atl. 1022, it was held that a verbal acceptance of an order to pay money, under a statute which expressly declared that no person within the state should be charged as an acceptor of a bill, draft or order for the payment of money, unless his acceptance should be in writing signed by himself or his lawful agent, was a bar to a recovery on a bank check which had been presented and refused.

The certificates sued on in this action bear on their face indisputable evidence of their invalidity. A part of the certificate reads : "This time certificate is not valid unless countersigned by I. M. Hacker and stamped with the office stamp, 'The Shutt Improvement Company, Pueblo, Colo.'" For these reasons,

the court below should have sustained the objection to the introduction of evidence.

The judgment is reversed and the cause remanded.

All the Justices concurring.