## Ingber, Appellant, *v.* Tradesmen's National Bank.

*Banks and banking—Loans—Collateral security—Certified checks—Insolvency—Executors and administrators—Decedents' estates.*

In an action by the executors of an insolvent decedent against a bank to recover an alleged balance on deposit in decedent's name, judgment is properly directed in favor of the defendant where it appears that the decedent, who carried an active account with the bank and desired to make some loans, entered into an agreement with the bank in which it was stipulated that he would draw a check upon his account for the amount in suit, which check should be certified by the bank, properly indorsed, and then be retained by the bank as collateral for any indebtedness of the maker to the bank, and the uncontradicted testimony shows that upon the very day when the check was certified it was immediately charged upon the books of the bank against the account of the decedent, in whose lifetime the books were balanced showing the charge thus made, and that at the time of decedent's death his own bank book showed the appropriation by the bank of the amount for which the certified check was drawn.

Argued Jan. 9, 1911. Appeal, No. 224, Jan. T., 1910, by plaintiffs, from judgment of C. P. No. 2, Phila. Co., Sept. T., 1908, No. 2133, on verdict for defendant in case of David M. Ingber and Morris Richman, executors of Jacob M. Ingber, deceased, v. Tradesmen's National Bank. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Assumpsit for balance of deposit. Before WILTBANK, J. The facts appear in the opinion of the Supreme Court.

The letters which accompanied the certified checks in each case were both of the same import, as follows:

"Tradesmen's National Bank, Philadelphia.

"Dear Sirs: With reference to our check, No. 1231, dated January 18th, 1908, for $1500, which was certified by you January 18th, 1908, and which is now held by you, with our consent, as general collateral for our account and for any indebtedness of ours to the bank, we hereby authorize you to apply the same at any time you may desire towards the liquidation of any notes discounted by you for our account at maturity thereof, or prior thereto as you may deem fit.

"Yours very truly,
"JACOB M. INGBER & COMPANY."

The jury rendered a verdict for the defendant in pursuance of binding instructions given by the court.

*Error assigned* was in giving binding instructions for defendant.

*Julius C. Levi*, of *Bamberger, Levi & Mandel*, for appellants.—In a suit by the personal representative of a decedent, against a bank in which the decedent was a depositor, to recover the amount of the deposit remaining with the defendant at the time of decedent's death, the bank cannot defend upon the ground of a set-off which was not due at the time of the decedent's death, it appearing that at the time of his death the decedent was insolvent: Bosler v. Exchange Bank, 4 Pa. 32; Farmers' & Mechanics' Bank's App., 48 Pa. 57; Shoemaker v. Kensington Nat. Bank, 9 W. N. C. 420.

A check cannot be treated as collateral security for the payment of an obligation of the drawer of the check: International Trust Co. v. Union Cattle Co., 3 Wyoming 803 (31 Pac. Repr. 308); Atlantic F. & M. Ins. Co. v. Boies, 13 N. Y. Superior Ct. 583; Steinharter v. Covington City Nat. Bank, 10 Ky. Law Repr. 359; Third Nat.

Bank of Boston v. Eastern R. R. Co., 122 Mass. 240; People v. Remington, 54 Hun, 480 (8 N. Y. Supp. 31); Waddell-Entz Co., 67 Conn. 324 (35 Atl. Repr. 257).

*Charles Biddle*, with him *Bayard Henry*, for appellee, cited: First Nat. Bank of Mt. Joy v. Gish, 72 Pa. 13; Fisher v. Tradesmen's Nat. Bank, 12 C. C. A. 409 (64 Fed. Repr. 706); Spott's Est., 156 Pa. 281; Chase v. Petroleum Bank, 66 Pa. 169; Hemphill v. Yerkes, 132 Pa. 545; Taylor's Est., 154 Pa. 183.

OPINION BY MR. JUSTICE ELKIN, February 27, 1911:

Appellants are the executors under the will of decedent who died insolvent. This suit was brought to recover the balance alleged to be deposited in the bank of appellee with which institution the decedent kept his bank account. At the trial the learned court below directed a verdict for defendant and judgment was accordingly entered. It is contended that under the facts the trial judge erred in giving binding instructions to the jury. The theory upon which this claim is predicated, is that at the date of the death of the insolvent decedent he had a balance to his credit in the bank of $3,725.80 and that this balance was an asset of the estate to be accounted for by the executors to the creditors. This would be true if in fact there was such a balance in the bank at the death of decedent. But this fact is denied and the bank books show that the balance was only $725.80, which amount it is admitted was paid by the bank to the appellants. The controversy arises out of the appropriation of $3,000 under the following circumstances. The decedent carried an active account with the bank and desired to make some loans. He entered into an agreement with the bank in which it was stipulated that he would draw a check upon his account for $1,500, which check should be certified by the bank, properly indorsed and then be retained by the bank as collateral for any indebtedness of the maker to the bank. The evidence shows that this arrangement was carried out.

At a subsequent date an agreement of the same import, involving the same amount, and including the same terms was made and carried out. The testimony of the cashier, which is not contradicted, conclusively shows that upon the very day when each check was certified, it was immediately charged upon the books of the bank against the account of decedent in whose lifetime the books were balanced showing the charges thus made. At the time of decedent's death his own bank book showed the appropriation by the bank of the respective amounts for which the certified checks were drawn. These transactions were carried out in strict compliance with the terms of the agreements entered into, and we can see no reason in law or equity, why an agreement of this character, lawful in its terms and properly made in the course of business dealings, should be disturbed. The bank became liable for the payment of the check as soon as it was certified, and very properly charged the account of the maker with the amount of each check as soon as its liability for payment attached. The fact that the bank took this method of securing the payment of existing obligations or of indebtedness to be incurred does not change the nature of the transaction or the liability of the contracting parties. If authority need be cited for this proposition, it may be found in our own cases. See Chase v. Petroleum Bank, 66 Pa. 169; First National Bank v. Gish's Assignees, 72 Pa. 13; Hemphill v. Yerkes, 132 Pa. 545; Taylor's Est., 154 Pa. 183; Spotts' Est., 156 Pa. 281.

Judgment affirmed.