## Ruppin v. Perkiomen Valley Mutual Fire Insurance Co.

*Fire insurance—Equitable assignment to mortgagee—Privity of contract.*

1. If a mortgagor is bound by covenant or otherwise to insure the mortgaged premises for better security of the mortgagee, the latter will have an equitable lien on the money due on a policy taken out by the mortgagor to the extent of the mortgagee's interest in the property destroyed.

2. Under a mortgage providing that the mortgagor should insure the property and assign the policy as collateral security to the mortgagee, the mortgagor took out the insurance but the policy did not contain a mortgage clause, and he failed to assign it in writing to the mortgagee, but merely handed the policy to him, and subsequently the building insured was destroyed by fire: Held, that there was an equitable assignment of the policy of insurance to the mortgagee, and he could maintain an action in his own name on it under the Act of March 14, 1873, P. L. 46.

3. The fact that the policy provided that "the extent of the obligation . . . and any other agreement not consistent" with the policy should be provided for in writing did not affect such equitable assignment or make it necessary that the assignment be in writing.

Question of law raised by affidavit of defence. C. P. Lancaster Co., June T., 1924, No. 21.

*Robert Ruppin* and *John A. Coyle*, for plaintiff.

*Bernard J. Myers* and *Harold G. Knight*, for defendant.

HASSLER, J., July 5, 1924.—The first two questions of law raised in the affidavit raising a question of law can be considered together. The first is that the statement sets up no contractual relation between the plaintiff and defendant. The second is that "the plaintiff's action is based on a breach of contract between him and S. S. Nolt to have the policy of assurance assigned to him. . . . Defendant was no party to this contract, and, therefore, could not be held liable for S. S. Nolt's failure to make such assignment." The defendant is mistaken in this statement of fact. The plaintiff does not base his action upon a breach of contract on the part of S. S. Nolt, but upon an equitable assignment of the policy of insurance issued by the defendant to S. S. Nolt. He alleges facts which, he contends, show an equitable assignment of that policy of insurance under the Act of March 14, 1873, § 1, P. L. 46, which gives such an assignee the right to sue in his own name.

The only question, then, is whether the facts alleged in the statement show an assignment of the policy in question by S. S. Nolt to the plaintiff; for if they do, there is a relation shown between the plaintiff and the defendant that entitles the plaintiff to maintain this action. It is alleged that a policy of

Ruppin v. Perkiomen Valley Mutual Fire Insurance Co.

insurance was issued by the defendant company to S. S. Nolt, insuring him against loss by fire on a building in the Borough of Akron, sold to him with the land on which it was erected by the plaintiff for the sum of $2300. It was agreed between Nolt and the plaintiff that payment of part of the purchase money for the house and lot should be secured by a mortgage on it, and that Nolt would insure the house against fire and assign the policy to the plaintiff as collateral security for the mortgage. The propery was conveyed to Nolt by the plaintiff. He gave the plaintiff a bond for $1800 in part payment, and a mortgage on the property to secure the bond. Both the bond and the mortgage contain the following covenant: "And it is further understood and agreed that the said party of the first part (Nolt) will keep the building erected upon the premises herein described insured in some good and reliable incorporated insurance company to the amount of at least $1800.00, and the policy, or policies, shall be assigned to and be held by the said L. Ruppin as collateral security for the payment of the moneys secured hereby." The policy of insurance was issued, but did not contain a mortgage clause making any loss on the property payable to the plaintiff, though the agent of the company was instructed to have such clause inserted. The policy was delivered to the plaintiff by Nolt on Oct. 9, 1923. On Oct. 14, 1923, the building insured was completely destroyed by fire.

A promise to assign a bond based on a valuable consideration creates an equitable right and without any formality vests title in the assignee. Equity considers that done which ought to be done: Inglis v. Inglis, 2 Dallas, 45; Patten v. Wilson, 34 Pa. 299; Chase v. Bank, 66 Pa. 169; Spotts's Estate, 156 Pa. 281. There may be an equitable assignment of an assignment of an insurance policy as well as of any other chose in action: Reed v. Lukens, 44 Pa. 200. In Wheeler v. Insurance Co., 101 U. S. 439, Justice Bradley says: "It is well settled by many decisions in this country that if the mortgagor is bound by covenant, or otherwise, to insure the mortgaged premises for the better security of the mortgagee, the latter will have an equitable lien upon the money due on a policy taken out by the mortgagor to the extent of the mortgagee's interest in the property destroyed. . . . And this equity exists, although the contract provides that in case of a mortgagor's failure to procure and assign such interest, the mortgagee may procure it at the mortgagor's expense."

We are of the opinion, from these cases, that the facts alleged in plaintiff's statement clearly show an equitable assignment of the policy of insurance issued by the defendant company by S. S. Nolt, the insured, to L. Ruppin, the mortgagee and plaintiff, and that under the Act of March 14, 1873, P. L. 46, he is entitled to maintain this action in his own name.

The fifth question of law raised in the affidavit is as follows: "The plaintiff's statement fails to set forth a cause of action against the defendant, for the reason that the contract of insurance between S. S. Nolt and the defendant provided as follows (lines 73 to 78): 'The extent of the obligation of insurance under this policy, and of the construction to be made by this company in case of loss or damage, and any other agreement not inconsistent with or a waiver of any of the conditions or provisions of this policy, may be provided for by agreement in writing added thereto."

This, it is urged, made it necessary for the assignment of the policy to be in writing. We do not agree with this contention. All that is required to be in writing by the part of the policy quoted are matters which affect the liability of the company under the policy and any agreement between the company and the insured. It does not require either any agreement between

the insured and a third party, or assignments of the policy, to be in writing.

The third and fourth questions raised in the affidavit are without merit. There is no uncertainty in the statement in paragraphs 10, 12 and 17, nor is it necessary to allege that either F. G. Jacoby or Henry S. Rich had any authority to attach a mortgage clause to the policy of insurance in question, as their authority is not material. Their failure to do so does not affect the plaintiff's right to recover, though it does impose on him the burden of proving facts that show an equitable assignment of a policy. We decide the questions of law raised in the affidavit against the defendant, and direct that it file an affidavit of defence within fifteen days.

From George Ross Eshleman, Lancaster. Pa.