PEOPLE'S SAVINGS BANK OF CITY OF GRAND HAVEN
v. BOARD OF EDUCATION OF PUBLIC SCHOOLS
OF CITY OF GRAND HAVEN.

ASSIGNMENTS—CONDITIONAL ACCEPTANCE—LIABILITY.

> Where an order executed by a school contractor author-
> ized the school board to pay a bank a certain sum and
> apply it on his account, and the board accepted it upon
> condition that said sum be allowed it as a credit by the
> court in litigation it was having with the contractor, but,
> on the termination of the litigation, it was found that
> more than the balance owing the contractor was required
> to pay subcontractors, materialmen, etc., and that there
> was nothing due the contractor, no liability attached to
> the board by reason of its qualified acceptance.[1]

Error to Ottawa; Cross (Orien S.), J.   Submitted
January 16, 1925.   (Docket No. 28.)   Decided June
24, 1925.   Rehearing denied October 1, 1925.

Assumpsit by the People's Savings Bank of Grand
Haven against the board of education of the public
schools of the city of Grand Haven for the amount of
an order.   Judgment for defendant on a directed
verdict.   Plaintiff brings error.   Affirmed.

*Charles E. Misner*, for appellant.

*Louis H. Osterhous*, for appellee.

MOORE, J.   Alvin R. Morrison was a building con-
tractor.   On April 22, 1922, he borrowed $500 of the
plaintiff for which he gave his note and a writing read-
ing as follows:

---

[1]Assignments, 5 C. J. § 98 (Anno).

"Grand Haven, Mich., April 22, 1922.
"BOARD OF EDUCATION,
    "Grand Haven, Michigan.
    "*Dear Sirs:*  For valuable consideration I hereby authorize you to pay the People's Savings Bank, of Grand Haven, Michigan, $500.00 and apply it on account due me.
    "Signed this 22d day of April, 1922.
                    "ALVIN R. MORRISON."

May 24, 1922, this paper was sent to the board of education with the request that it be accepted.    The superintendent of schools notified the cashier of the bank by telephone that the paper had been received and placed on file.    October 16, 1922, Mr. Morrison sued the board of education, and Mr. Osterhous, an attorney, was given charge of this litigation on the part of the board of education.    Subsequent to the sending of the writing to the board of education the cashier of the bank took the matter of its acceptance up with the board, who referred him to their attorney. The attorney for the board wrote a letter reading:

                            "January 3, 1923.
"PEOPLE'S SAVINGS BANK,
    "City.
            (Attention Mr. HOFFMAN.)
    "*Dear Sir:*  For the purpose of protecting you, if possible, and so far as possible, in your claim against Alvin R. Morrison for the amount of which he gave you an order upon the board of education, you are advised that the board in its plea and notice of defense in the case commenced against it in the Ottawa county circuit court by Mr. Morrison, claims as a set-off to the defendants of the plaintiff, and by way of credit upon those demands, that:

    " 'The plaintiff did, on April 22, 1922, assign the sum of $500 to the People's Savings Bank of Grand Haven, Michigan, with a written authorization to the defendant to pay the same to said bank and apply the same on the amount due from defendant to the plaintiff, which assignment and authorization was delivered to the defendant and filed and accepted by it.'

"If this $500.00 is allowed by the court as a credit to the defendant upon the claims of the plaintiff, as I believe it will be, the board will immediately make payment of the account to you.

"Yours very truly,
"LOUIS H. OSTERHOUS."

It is said this letter satisfied the bank.

Some time in the fall of 1923 the board of education authorized the payment of $12,000 as settlement of the Morrison suit, and it was settled upon that basis, but no money was paid to the bank, and this suit was brought. The trial judge was of the opinion as the defendant had not given a written acceptance of the paper, and had not authorized anybody else to do so, that plaintiff could not recover, and directed a verdict of no cause of action. The case is in this court by writ of error, and we are favored with three briefs on the part of the plaintiff, and two on the part of the defendant.

The plaintiff submits the following propositions:

"*First:* The instrument in question is not a bill of exchange and does not require a written acceptance. The negotiable instruments law does not apply to non-negotiable papers.

"*Second:* If the instrument requires a written acceptance, then the letter of acceptance sent to the plaintiff by the duly authorized agent of the defendant is sufficient to satisfy the statute. Acceptance means notification.

"*Third:* There was an 'acceptance by conduct.' The retention of the assignment accompanied by other circumstances were sufficient to establish an implied acceptance. At least, this question was one for the jury to determine.

"*Fourth:* The defendant is estopped to deny its liability."

Each of these propositions is argued at length with a citation of many authorities. The case to us does not seem to be a very complicated one. Mr. Morrison borrowed money from the bank, and gave his note

and the writing in controversy to secure its payment. He then became a debtor of the bank. The defendant at this time was a debtor of Mr. Morrison. The writing was a request from Mr. Morrison to the defendant that it pay to the bank $500 of its debt to Mr. Morrison and apply it on Mr. Morrison's account. If the defendant did this it would extinguish $500 of its debt to Mr. Morrison, and would also pay $500 of Mr. Morrison's debt to the bank. We think it clear from the record that defendant never agreed in writing to do this, and that the trial judge was quite right in his rulings. *Finan* v. *Babcock*, 58 Mich. 301; *Pfaff* v. *Cummings*, 67 Mich. 143; *Upham* v. *Clute*, 105 Mich. 350; *Dean* v. *Ellis*, 108 Mich. 240; *Stone* v. *Dowling*, 119 Mich. 476.

Judgment is affirmed, with costs to the appellee.

BIRD and SHARPE, JJ., concurred with MOORE, J.

CLARK, J. (*concurring*). The attorney for the defendant board in the suit of Morrison, the contractor, stated over his signature in a notice attached to its plea:

"The plaintiff did, on April 22, 1922, assign the sum of $500 to the People's Savings Bank of Grand Haven, Michigan, with a written authorization to the defendant to pay the same to said bank and apply the same on the amount due from defendant to the plaintiff, which assignment and authorization was delivered to the defendant and filed and accepted by it."

To hold merely that there was no acceptance in writing passes other questions in the case. The case may be disposed of without deciding the unfortunate question of whether the attorney was authorized to say and to do what he did and without deciding whether there was equitable estoppel, and without deciding whether there was what is known as judicial estoppel —that defendant, having pleaded acceptance and lia-

bility in the suit of Morrison, is estopped to take a contrary position in the suit of Morrison's assignee.

Plaintiff relies on the letter of the attorney quoted in the opinion of Mr. Justice MOORE, and upon the plea to show acceptance in writing.   But the writing in question, also quoted by Mr. Justice MOORE, whatever its legal character may be, was taken or accepted or held by plaintiff subject to a contingency.   As between the parties hereto it must be held that defendant did not assume unqualified liability.

The attorney's letter to plaintiff says of the plea and its purpose:

"If this $500 is allowed by the court as a credit to the defendant upon the claims of the plaintiff, as I believe it will be, the board will immediately make payment of the account to you."

The defendant board to avoid litigation paid several thousand dollars more than the contract price.   The surety of the contractor was in charge of the final negotiations.   Suits had been brought against it by persons of the classes protected, subcontractors, materialmen or laborers.   The $12,000 paid by the board was used toward payment of these claims.   The bank was not a subcontractor, materialman or laborer. Before plaintiff bank could be entitled to anything, something must be found to be due to Morrison, the contractor.   The surety as against plaintiff was entitled to have funds in the hands of defendant applied to the payment of claims for which it was liable. When so applied, nothing was due to Morrison.   So the bank gets nothing.

Judgment affirmed.

McDONALD, C. J., and STEERE, FELLOWS, and WIEST, JJ., concurred with CLARK, J.