## CONNOLEY vs. CHEESBOROUGH.

1. To entitle a plaintiff in attachment to a judgment against a garnishee on his answer, it must appear that there is a debt due from the garnishee to the defendant in attachment; and should the answer disclose that the debt had been assigned before it was attached, then no judgment can be rendered against the garnishee without bringing in the assignee to contest his right to it.

2. The theory of a bill of exchange is, that the drawer has funds in the hands of the drawee, and by drawing a bill on the holder of such funds, he sells or assigns them to the payee: and if the drawee declines to pay on the ground that, since the drawing of the bill, the funds have been attached in his hands, and the payee fails or omits to have the bill protested, then the payee cannot be considered as having abandoned his equitable right to the fund, and should be preferred to the attaching creditor, in a contest at law.

ERROR to the County Court of Mobile.

A. C. Cheesborough was summoned, on the 18th day of April, 1849, as a garnishee at the suit of James Connoley, to answer what he was indebted to Joseph W. Furniss. The garnishee answered that he owed Furniss $386\frac{45}{100}$, but that on the 1st of April, 1849, he had received a letter from Furniss, informing him that he had drawn a draft on him, in favor of Wingate & Breman, for $395. The draft was presented for payment after the service of the garnishment, but was not paid for the reason that the debt had been attached in the hands of the garnishee, who submitted to pay it as the court might direct. It did not appear that the bill had been protested, either for non-acceptance or non-payment. The court discharged the garnishee, and the plaintiff in attachment brings the case to this court by writ of error.

PHILLIPS and BOYLES, for plaintiff in error:

In those cases where a garnishee answers that he has been notified that the note given by him has been transferred, it is upon the ground that there is a legal liability outstanding against him. In this case, it would appear to be a mere direction on the part of the owner of the fund, for the bill was never presented until after attachment. Baker v. Moody, 1 Ala. 315.

In this case the bill was drawn for a larger sum than was due; the drawee was not bound to accept, nor was the payee bound to receive the acceptance, if it had been offered. Mandeville v. Welch, 5 Wheat. 289; 20 Pick. 15.

JOHN A. CAMPBELL, for defendant in error:

The question presented in this case is, whether a draft drawn upon the balance of an account due from a debtor, with a letter to the debtor, notifying him of the amount of the account and the draft upon him, before the service of a summons of garnishment, is such an assignment to the payee of the draft, as will countervail a garnishment legally served after the date and reception of the letter, before the acceptance of the draft.

We hold, on behalf of the garnishee, that it is.

The attaching creditor is not entitled only to the sum that is legally and equitably due to the defendant of the judgment. If the draft and the letter together amount to an assignment of the fund, the creditor is not entitled. A court of law will protect the rights of an equitable assignee. Chitty on Bills, 8, and note; 9 Porter 98; 4 Ala. 333.

The facts stated in the answer and the letter, show an equitable transfer of the debt in the garnishee's hands.

The bill standing alone would have this effect; with the letter to the drawee, there can be no question. Chitty on Bills 310, note p; 4 Mylne & Craig, 690; 4 Wash. 424; 20 Ver. Rep. 25; 7 Ired. 438; 8 Hump. 654; 3 Price 58; 6 Ala. R. 690.

DARGAN, C. J.—To entitle a plaintiff to a judgment against a garnishee upon his answer, it must appear that there is a debt due from the garnishee to the defendant in attach-

ment; and should it appear from the answer that the debt had been assigned before the process of garnishment was executed, and the assignee is not called in to contest his right thereto, as he may be under our statutes, then no judgment can be rendered against the garnishee. Foster, Nastraud et al. v. Walker, 2 Ala. 117; Fortune v. The State Bank, 4 ib. 385; 6 ib. 836.

The sole question in this case, therefore, is, whether we can consider the drawing of the bill by Furniss on Connolley, in favor of Wingate & Breman, as an assignment of the debt that was due from Conolley to Furniss. The theory of a bill of exchange is, that the drawer has funds in the hands of the drawee, and by drawing the bill, he sells or assigns such funds to the payee, or such part thereof as amounts to the sum specified in the bill. Story on Bills, § 13; Chitty on Bills, 360, note; 6 Wheat. 277. It is true, that to give the payee a legal right of action against the drawee, he must accept or agree to pay the bill; and if the bill or draft be for only a part of the funds in the hands of the drawee, then the assignment cannot be considered as complete until there has been an acceptance or an agreement to pay. Chitty on Bills, *supra*, and cases there cited. But when the bill is for the entire amount in the hands of the drawee, it has been held, that the drawing of the bill is an assignment of the funds, and, after presentment, the drawee cannot legally part with such funds against the consent of the payee. Peyton v. Hallett, 1 Caines, 379; Cutts v. Perkins, 12 Mass. 206. If, however, this last proposition be incorrect, and if it should require the assent of the drawee to perfect the assignment, even when the bill is for the whole amount in the hands of the drawee; still, in the case before us, I should hold the assignment complete, at least in equity, for the drawee does not deny the right of the drawer to draw the bill, and the only reason why he has not paid it, is, that the debt has been attached in his hands since the draft was drawn. Nor does it appear that the payee has protested the bill, or given notice of non-payment to the drawer. Under these circumstances, and as the garnishee submits, by his answer, to pay the amount to him who in law is entitled to it, we think it clear that the payees of the bill must be preferred to the attaching creditor. They have

looked to no other source for payment, and, therefore, have not abandoned their equitable right to the fund, which must be considered as complete under the circumstances disclosed by the answer of the garnishee.

We place our judgment, in this case, upon the particular facts, but I should be willing to hold, if necessary, that when the bill is for the entire amount in the hands of the drawee, and the payee does not have the bill protested, but looks to these funds alone for payment, a court of equity would consider the drawing of the bill as an assignment of the fund, and would compel its payment. It is not, however, necessary to decide this at this time, as the particular facts of this case make out a clear and unquestionable assignment of the fund.

Let the judgment be affirmed.