EARNEST B. HALL *vs.* ELBRIDGE A. FLANDERS.

Piscataquis.    Opinion March 27, 1891.

*Bills and notes. Acceptance. Order. Assignment. R. S., c. 32, § 10.*

No person shall be charged as an acceptor of a bill of exchange, draft, or written order, unless his acceptance is in writing signed by him or his agent (R. S., c. 32, § 10); nor is a drawee made liable as an acceptor by retaining an order in his possession.

To make an order operate as an assignment, it must be upon a particular fund. It is not enough that it is drawn upon a debtor by a creditor in general terms.

ON REPORT.

The case is stated in the opinion.

*Henry Hudson*, for plaintiff.

*Crosby and Crosby*, for defendant.

WHITEHOUSE, J. The plaintiff performed labor for S. B. Nutter, and received from him in payment a written order requesting the defendant to pay to the bearer the amount specified, and charge the same to the drawer. The plaintiff duly presented the order to the defendant for payment. The defendant inspected it, promised to pay it, and carried it away with him. He never paid the plaintiff the amount named in the order but

retained possession of it, and produced it at the trial. It was not accepted in writing.

It is a well-settled rule of the common law that an oral acceptance of a bill of exchange will bind the acceptor in the absence of any statutory provision to the contrary. *Phillips* v. *Frost*, 29 Maine, 77; 3 Kent's Com. (10 Ed.) 109; *Pierce* v. *Kittredge*, 115 Mass. 374; *Clark* v. *Cock*, 4 East, 37. But doubts having been expressed in some of the English cases respecting the wisdom of this rule it was provided by statute, 1 and 2, Geo. IV. c. 78, that "no acceptance of any inland bill of exchange is sufficient to charge any person unless such acceptance be in writing on the bill." In this State it was provided by ch. 80, of the laws of 1867, that "no person shall be charged as an acceptor of a bill of exchange, draft, or written order, unless his acceptance is in writing signed by him or his lawful agent." This now appears in ch. 32, section 10, of the revised statutes.

In this case, an examination of the evidence reported discloses nothing which can give the defendant's promise to pay the plaintiff any other character or effect than an oral acceptance of the order; and by the express enactment of the legislature, it is seen that the defendant can not thus be made legally chargeable as an acceptor.

Nor is the defendant made liable by retaining the order in his possession. Even at common law the mere detention of a bill for an unreasonable time by the drawee would not ordinarily amount to an acceptance. *Jeune* v. *Ward*, 2 Stark. 326; Chitty on Bills, 175; Byles on Bills, 314; 1 Parsons on Bills and Notes, 284; Daniel on Neg. Instrs. § 499; *Overman* v. *Hoboken City Bank*, 2 Vroom, 563; *Holbrook* v. *Payne*, 151 Mass. 383. And in *Luff* v. *Pope*, 5 Hill, 413, under a statute requiring a written acceptance, it was held that where a bill of exchange was presented for acceptance, and the drawee refused to accept but promised to pay the person in whose favor it was drawn by a given day, the latter could maintain no action against the drawee though he had funds of the drawer in his his hands at the time of the promise, and ought in justice to have accepted.

In the case at bar, it will be observed that there is no evidence expressly showing any funds in the defendant's hands belonging to the drawer at the time of the promise relied upon.

Nor can the order operate as an assignment of the amount named in it so as to avail the plaintiff in this action. Even a check, drawn against a fund deposited in a bank, is not deemed an assignment in an action at law. *Bullard* v. *Randall*, 1 Gray, 605 ; *Dana* v. *Third National Bank*, 13 Allen, 445 ; *Attorney General* v. *Cont. Life Ins. Co.* 71 N. Y. 325 ; *Holbrook* v. *Payne, supra.* Much more is this true of an unaccepted draft which does not necessarily " import the existence of a debt from the drawee to the drawer, but leaves the mode of the drawee's reimbursement to such private arrangement as may exist between the drawer and himself." *Holbrook* v. *Payne, supra,* and authorities cited. To constitute an assignment, the order must be upon a particular fund. It is not enough that it is drawn upon a debtor by a creditor in general terms as in the case at bar. *Exchange Bank* v. *McLoon*, 73 Maine, 511 ; *Gibson* v. *Cooke*, 20 Pick. 15 ; *Kingman* v. *Perkins*, 105 Mass. 111 ; *Whitney* v. *Eliot National Bank*, 137 Mass. 351.

The result is that the plaintiff can not have judgment in this action for the amount of the order. It appears, however, that there is a small item of eighty-five cents in the account annexed to the writ, which it is admitted the plaintiff is entitled to recover.

*Judgment for plaintiff accordingly.*

PETERS, C. J., LIBBEY, EMERY, FOSTER and HASKELL, JJ., concurred.