JAMES LOCKHART, Respondent, v. THOMAS J. MOSS, Appellant.

53 633
57 569

St. Louis Court of Appeals, April 18, 1893.

1. **Bills and Notes:** ACCEPTANCE. Under our statute, an acceptance of a bill of exchange may be shown by the refusal of the drawee to return it accepted or non-accepted to the holder within such period as tho latter may allow.

Lockhart v. Moss.

2. ———: JUSTICES' COURTS: SUFFICIENCY OF STATEMENT. When suit against the drawee is brought before a justice of the peace on such bill of exchange, the statement of the cause of action will be sufficient after verdict for the plaintiff in the circuit court on appeal thereto, when, though omitting to mention the name of the drawee, it describes by express averment or necessary implication the names of the drawee and of the payee, and the amount of the bill, and states that the bill is in the possession of the drawee.

*Appeal from the Stoddard Circuit Court.*—HON. JOHN G. WEAR, Judge.

AFFIRMED.

*J. L. Fort* and *Houck & Keaton*, for appellant.

(1) The order referred to in plaintiff's statement was a "bill of exchange," if it was anything. Tiedeman on Commercial Paper, sec. 2; *Rouch v. Duff*, 35 Mo. 312; *Lee v. Porter*, 18 Mo. App. 383. No action could be maintained upon such instrument by plaintiff, unless accepted by defendant in writing, and there is no statement or proof of such acceptance by defendant. Revised Statutes, secs. 719, 720; *Lee v. Porter*, 18 Mo. App. 377, 383. And it was not delivered and retained for acceptance for twenty-four hours, or for any other time, nor destroyed, etc., so as to make defendant liable in damages. Revised Statutes, sec. 624; *Rouch v. Duff*, 35 Mo. 312. (2) The court should have sustained defendant's objection to the introduction of evidence, because no cause of action was filed by plaintiff, either in the justice's court or in the circuit court, but on the contrary the plaintiff filed as and for his statement of his cause of action a mere conclusion of law, and a motion in arrest of judgment would have prevailed. *Donaldson v. Butler Co.*, 98 Mo. 163; *Rosenburg v. Boyd*, 14 Mo. App. 429; Revised Statutes, secs. 6138, 6140; *Groves v. City of Kansas*, 75 Mo. 572;

*Dahlgren v. Yocum*, 44 Mo. App. 277; *Lease v. Express Co.*, 45 Mo. App. 598.

No brief filed for respondent.

BOND, J.—This action was brought before a justice of the peace upon the following statement:

"STATE OF MISSOURI, } ss.
"County of Stoddard. }

"James Lockhart upon his oath says that Thomas J. Moss owes him $18 upon one order which is due him and unpaid; which said order is now in the possession of defendant.                 JAMES LOCKHART.

"Sworn to and subscribed before me this the twenty-eighth day of October, 1887.

"M. L. CRABTREE,
"Justice of the Peace."

Judgment was recovered by the respondent both in the justice's court and in the circuit court.

The cause was tried in the circuit court without the intervention of a jury. The evidence tended to prove that the order sued on was given in payment of a cow sold and delivered by the respondent, was drawn upon the appellant by Isaac Cardwell, who was then engaged in doing work for appellant, and was expressed in language, to-wit: "Please pay to the order of James Lockhart the amount of $18, and charge to the account of."

The evidence further tended to prove that this order was taken by the respondent to the store owned by the appellant and handed to his clerk or agent, who took it and said it could not be paid until next pay day; that the order was never returned to the respondent, although demanded by him when he had a settlement of his running account at the store owned by the appellant; that the amount of the order was

deducted by the appellant when he subsequently settled with the drawer, Isaac Cardwell, but no part of the amount drawn for was allowed the respondent on his said settlement with appellant. It may be conceded that the order sued on *is* embraced in the definition of bills of exchange, the proof showing that it was an unconditional written order by one person on another for the payment of a certain sum of money to a third person or his order (Tiedeman on Commercial Paper, sec. 2, and notes); and that, therefore, the rights of the payee (respondent) are determined by the provisions of our statutes as to the liability of acceptors in his suit against the drawee. While the general statutory rule requires acceptances to be in writing (Revised Statutes, 1889, sec. 719) in order to charge any person as acceptor of a bill of exchange, another section (Revised Statutes, 1889, sec. 724) prescribes a modification of the requirement as to writing, when the drawee "shall refuse    *    *    *    within such period as the holder may allow, to return the bill accepted or non-accepted to the holder." In such cases the drawee shall be deemed to have accepted the bill. Under the facts in this case there was ample evidence to meet this statutory exception to the rule as to the necessity of a written acceptance of the order or bill of exchange drawn upon appellant.

Nor can we sustain the theory of the appellant, that the statement filed before the justice does not state facts sufficient to constitute a cause of action after verdict. "In ordinary proceedings before justices of the peace, all formalities in pleadings are disregarded. It is sufficient, if the account sued on, or the statement filed by the plaintiff, advises the adverse party of the nature of the plaintiff's cause of action, and is sufficiently definite to bar another action for the same

claim." *Gregg v. Dunn,* 38 Mo. App. 286; *Dahlgren v. Yocum,* 44 Mo. App. 277. It has been held that "an issue raised on the statement of a legal conclusion, which presents the real point in controversy, will be regarded as sufficient after verdict." *Jackson v. Railroad,* 80 Mo. 147, 150. Nor shall a judgment be reversed "for omitting any. allegation or averment, without proving which the triers of the issue ought not to have given such a verdict." Revised Statutes, 1889, sec. 2113, and notes.

Tested by these rules, we think the statement in this case is sufficient to support the judgment. It describes by necessary implication or express averment: the drawee, the payee and the amount of the order sued for, and avers that it is in the possession of the appellant. The evidence was uncontradicted as to the fact of the reception of the order thus described by the person in charge of appellant's store. The mere omission of the drawer's name in the statement may well be supplied by the proof establishing that the order or bill in all other respects was the one described in the statement. By its very terms the statement necessarily averred that the "order" was drawn; it was defective only in not stating the particular drawer. It did set forth all the other parties and the amount of the order or bill, and the omission of this name may be well brought within the curative provision of the statute, Revised Statutes, 1889, sec. 2113, *supra.*

Nor can we uphold the position of the appellant as to the want of evidence of the agency of Schull to receive the order from respondent. There was substantial evidence that he represented appellant in paying off such orders at his store; and that he was the one who settled with the drawer and charged him with the amount of said order. It is true there was

conflicting evidence as to this, but it is not our province to weigh the evidence, and the views herein expressed cover all the material assignments of errors of law.

The judgment is affirmed.   All the judges concur.