## Anderson & Co. v. Jones.

*Statutory Claim Suit.*

1. *Bill of exchange; order on one party to pay another.*—An order drawn by one person upon another in favor of a third person for a specific amount, but not upon any special fund, is a bill of exchange within the meaning of the statute, (Code, § 1766) ; and the drawee is not a debtor to the payee upon such order until he has accepted it in writing, signed by himself or agent,

APPEAL from the City Court of Montgomery.

Tried before the Hon. THOS. M. ARRINGTON.

This was a statutory claim suit, in which F. M. Jones interposed a claim to certain funds in the hands of a garnishee, who had been garnished at the instance of the plaintiffs, S. J. Anderson & Co. The facts of the case are sufficiently stated in the opinion. The plaintiff demurred to the claim, on the ground, among others, "that said claim fails to allege that there was an acceptance in writing by garnishee of the order alleged to have been presented by said claimant signed by said defendant." This demurrer was overruled, and the plaintiff declining to plead further, judgment was rendered for the claimant; and from this judgment the present appeal is prosecuted.

E. P. MORRISETT, for appellant, cited Code of 1886, § 1760 ; *Harris v. Russell*, 93 Ala. 65; *Sands & Co. v. Matthews*, 27 Ala. 399; *Connoley v. Cheesborough*, 21 Ala. 166.

ARRINGTON & GRAHAM, *contra*, cited *Auerbach v. Pritchett*, 58 Ala. 451 ; *Whilden & Sons v. M. & P. Nat. Bank,*

64 Ala. 1; 17 Amer. & Eng. Encyc. of Law, pp. 224, 225; *Gliddon v. McKinstry*, 28 Ala. 408.

COLEMAN, J.—Anderson & Co., having sued James Otey, upon a demand for one hundred and eighty-six dollars, garnished C. F. Harmon. The garnishee answered indebtedness to Otey in the sum of seventy-two dollars, but by his answer gave notice that F. M. Jones claimed to be owner of the debt or demand. Notice issued to Jones to appear and contest with plaintiff the right to the debt or demand, as provided in the statute. Code, § 2984. In accordance with the notice, Jones appeared and propounded his claim in writing under section 2985 of the Code. The plaintiff demurred to the claim as propounded by Jones, which demurrer was overruled by the court, and the plaintiff declining to take issue, judgment was rendered, discharging the garnishee. The appeal is prosecuted from the judgment of the court. The only question for review is as to the sufficiency of the claim propounded by Jones, the claimant. It is as follows: "That the said Otey, previous to the commencement of the garnishment proceedings herein, and previous to the service of the writ of garnishment, gave him (claimant) a written order on the garnishee for two hundred dollars, which said order was presented to garnishee, and which was left with him for payment, and which he agreed to pay after he had paid out other orders which had been given to other persons in advance of that given to him, but his said agreement to pay was *not in writing*," &c. This order, as here described, was not upon any special fund, but was for the payment of two hundred dollars generally. It is not distinguishable from any other written order given by one person upon another for the payment generally of a definite amount of money. Section 1766 of the Code is as follows: "No person within this State must be charged as the acceptor of a bill of exchange, unless his acceptance is in writing, signed by himself or agent."

It is contended by appellee that the order for the payment of the money shows that it was not a bill of exchange, within the meaning of the statute. Neither the authorities cited nor the argument made sustain the contention. The order is in writing. It was drawn by one person upon another, payable in money to a desig-

[Lee *et al.* v. Wimberly.]

nated payee, not out of any special fund, but generally, for a specific amount, and in law was payable on de-·mand. It has every characteristic of a bill of exchange, and we think comes within the provision of the statute. This was the view taken of a similar order in the case of *Harris v. Russell*, 93 Ala. 59, 69. See also 1 Randolph on Commercial Paper, § 3; 1 Amer. & Eng. Encyc. of Law, pp. 836, 837; *Teague v. LeGrand*, 85 Ala. 493; *Sands & Co. v. Matthews, Finley & Co.* 27 Ala. 399; *Whilden & Sons v. Mer. & Plan. Bank*, 64 Ala. 1; *Nat. Com. Bank v. Miller*, 77 Ala. 168; *Auerbach v. Pritchett*, 58 Ala. 451-57; *Palmeteer v. Gatewood*, 4 J. J. Marsh. (Ky.) 504.

An order to be paid out of a special fund or from a special source, or for the delivery of goods or chattels, would not be a bill of exchange. Such was not the character of the order under consideration, as disclosed in the answer of the garnishee.

The demurrer was well taken, and should have been sustained.

Reversed and remanded.