## J. E. DICKINSON, Appellant, v. ED. MARSH, Respondent.

### Kansas City Court of Appeals, April 9, 1894.

1. **Bills and Notes:** ACCEPTANCE IN WRITING. No action can be maintained on an acceptance of a bill of exchange unless it is in writing.

2. ———: CONSTRUCTIVE ACCEPTANCE: REFUSAL TO RETURN. The constructive acceptance provided for in section 724, Revised Statutes, 1889, means more than the mere receipt of the bill and holding the same without more. The statute requires something tortious. If an acceptance can be inferred from a mere holding of the bill, such construction would defeat the provisions of section 719, Revised Statutes, 1889.

*Appeal from the Barton Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

*Cole & Ditty* for appellant.

(1) It is not true, as ruled by the court, that "this is a suit on an alleged accepted order in writing, or bill of exchange, and proof of acceptance must be in writing, and could not otherwise be established." The court erred in so ruling. R. S. 1889, sec. 724; *Lockhart v. Moss*, 53 Mo. App. 633. (2) All that plaintiff is required to do, under the code, to present a proper petition, is to make a plain statement of the facts constituting his cause of action. R. S. 1889, sec. 2039; *Gregg v. Dunn*, 38 Mo. App. 286; *Dalgreen v. Yocum*, 44 Mo. App. 277. (3) And, as well, plaintiff was entitled to recover when he should establish, as alleged in the petition on which he went to trial, that defendant, in consideration of the discharge of his own

debt to Nichols, agreed to pay to plaintiff the amount of that debt. *Moore v. Railroad*, 31 Mo. App. 145; *Holt v. Dollarhide*, 61 Mo. 433; *Beardslee v. Morgner*, 4 Mo. App. 139.

*H. C. Timmonds* for respondent.

(1) This being a suit to charge the defendant as an acceptor of a bill of exchange, he is not liable thereon, because there is no acceptance in writing, signed by himself or his lawful agent. R. S. 1889, sec. 719; *Rousch v. Duff*, 35 Mo. 312; *Flato v. Mulhall*, 72 Mo. 522. (2) Appellant seeks to avoid the authorities cited under the foregoing point by falling back upon Revised Statutes, section 724. But the facts do not bring him within that statute. There is no claim or pretense, either in the petition or in the proffered testimony, that the defendant refused to return the bill, accepted or nonaccepted, to the holder. (3) Appellant had the right to demand an acceptance or a refusal, but he waived that right, changing the entire legal relations between the parties. *Rousch v. Duff, supra.*

GILL, J.—This action is founded on the following bill of exchange alleged to have been accepted by the defendant:

"NOVEMBER 26th, 1892.

"*Mr. Ed. Marsh.*

"Please pay to J. E. Dickinson eighty dollars and thirty cents.

"FRED NICHOLS."

Plaintiff offered certain evidence tending to prove that Nichols, the drawer, owed the plaintiff, and that defendant, Marsh, prior to the date of the order, informed plaintiff that if he (plaintiff) would procure an order from said Nichols on him (Marsh) for said

sum, he (Marsh) would pay the same. This proffered evidence was, on objection of the defendant, excluded as immaterial. Plaintiff also offered testimony tending to prove that on the day he received said order from Nichols, he took the same to the defendant who received said order, remarking that, "It is all right," and kept and retained same until date of trial; that defendant at the time he received the order promised orally to pay it. To the introduction of this evidence defendant's counsel objected on the ground that, since this is a suit on an alleged accepted order or bill of exchange, proof of such acceptance must be in writing and could not be otherwise established. The court sustained the objection; thereupon plaintiff took a nonsuit with leave, and brought the case here by appeal.

The action of the trial court is approved, and its judgment will be affirmed. The statute provides: "No person within this state shall be charged as an acceptor of a bill of exchange, unless his acceptance shall be in writing, signed by himself or his lawful agent." R. S. 1889, sec. 719. There is no pretense that the defendant ever so accepted this bill of exchange. He can not, therefore, be held thereon.

It is, however, claimed that there was a constructive acceptance under the provisions of section 724 of the same statute. It reads, "Every person upon whom a bill of exchange may be drawn, and to whom the same shall be delivered for acceptance, who shall destroy such bill, or refuse within twenty-four hours after such delivery, or within such period as the holder may allow, to return the bill, accepted or non-accepted, to the holder, shall be deemed to have accepted the same." The facts sought to be proved, and as giving color to this position, are, that plaintiff delivered the written order or bill of exchange to the defendant on its date and that with the consent of plaintiff, and

under a promise by defendant to pay, he (defendant) continued to hold the same till the trial of the cause. These facts, it is urged, amount to a *refusal* to return the bill after delivery, and such as will be deemed an acceptance under the foregoing section.

We must hold this point against the plaintiff. The mere receipt of the bill of exchange and holding the same without more, does not, in our opinion, constitute the refusal to return that will be deemed a constructive acceptance by force of the statute above referred to. *Rousch v. Duff*, 35 Mo. 512; *Matterson v. Moulton*, 11 Hun (N. Y.), 268, and 79 N. Y. 627. In the case last cited the New York court so construed a statute of which ours is an exact copy. The court there said: "The refusal mentioned in the statute, as it seems to us, refers to something of a tortious character implying an unauthorized conversion of the bill by the drawee." It can't be called a tortious or wrongful holding of the bill when, as here, the plaintiff voluntarily left it with the drawee and never demanded its return. *Lockhard v. Moss*, 53 Mo. App. 633, does not support plaintiff's contention. Indeed that decision is in harmony with the cases before cited, since it was there admitted that return of the bill was demanded.

We may further say, too, in answer to the claim made on account of the defendant's alleged promise to pay the order, using the language of the New York case, that "the attempt to charge the defendant with the payment of the bill upon the ground of a promise, is simply an attempt to charge the defendant with a liability on the bill upon a parol acceptance. If an action can be maintained under such circumstances, the provisions of section 719 of the statute before referred to would be rendered wholly nugatory." See, also, *Rousch v. Duff*, *supra*.

Judgment affirmed. All concur.