D. B. HAEBERLE, Appellant, v. JOHN O'DAY, Respondent.

### St. Louis Court of Appeals, March 12, 1895.

1. **Bills of Exchange**: ORAL ACCEPTANCE. An oral promise by the drawee to pay a bill of exchange is not enforceable, since the statute requires the acceptance to be in writing.

2. **Statute of Frauds**: PROMISE TO ANSWER FOR DEBT OF ANOTHER. An oral promise to pay the debt of a third person, though made upon an adequate consideration moving to the promisor, is within the statute of frauds, and is, therefore, unenforceable, if such third person is not released from liability. Accordingly, this is the case when the promise is made to one who has previously pledged the debt, and who is, therefore, incapable of releasing the original debtor.

3. ——: ——. The plaintiff sold and conveyed land to a third person on the oral promise of the defendant to pay the purchase price of the same on the order of such third person at any time after the conveyance of the land to the latter. *Held,* that this promise was within the statute of frauds, and was, therefore, unenforceable even after the conveyance of the land by the plaintiff to such third person.

*Appeal from the Greene Circuit Court.*—HON. JAMES T. NEVILLE, Judge,

AFFIRMED.

*Adiel Sherwood* for appellant.

*John O'Day* for respondent.

BIGGS, J.—The plaintiff's alleged cause of action is stated in three counts. The first declares on a bill of exchange or order for $1,582, dated January 24, 1893, in which it is alleged that one W. S. Farmer is the drawer, the plaintiff the payee, and the defendant

the drawee. It is averred that the defendant accepted the order, and had refused on demand to pay it.

In the second count it is averred that on the twenty-fourth day of January, 1893, Farmer was indebted to plaintiff in the sum of $1,582, and that the defendant owed Farmer a like sum, and that it was then agreed by all parties that plaintiff should release Farmer from his debt and that defendant should become liable to plaintiff for that amount; in other words, that there was a contract of novation.

In the third count it is stated that on the day above named Farmer owed the plaintiff $632; that defendant held certain mortgages on Farmer's property; that, at the time, the plaintiff was the owner of a certain house and lot in the city of Springfield; that defendant promised and agreed with the plaintiff that if he, plaintiff, would convey the house and lot to the wife of Farmer, he (defendant) would pay upon the order of Farmer all sums due by Farmer and wife to plaintiff, including $950, the consideration for the house and lot; that, relying on the promise, the plaintiff subsequently conveyed the house and lot as agreed by a sufficient deed, and turned over the possession thereof to Mrs. Farmer; and that he afterwards procured from Farmer the order above mentioned, which the defendant on demand refused to pay.

The answer of the defendant specifically denied all of the allegations in each count.

The cause was submitted to a jury. The defendant objected to the reading of the order in support of the cause of action stated in the first count, because there was no evidence to show that it had been accepted in writing by him. The order was read, subject to objection and the further ruling of the court. The evidence introduced by the plaintiff in support of the second and third counts was entirely oral. The de-

fendant objected to its admission for the reason that the alleged agreements, to be binding on him, must have been in writing. This evidence was likewise admitted subject to objection. At the conclusion of the evidence the court instructed the jury to return a verdict for the defendant, which was done, and judgment was entered accordingly. The plaintiff has appealed.

It is evident that there can be no recovery on the first count. The statute on the subject is plain. It provides that no person "shall be charged as an acceptor of a bill of exchange, unless his acceptance shall be in writing, signed by himself or his lawful agent." Revised Statutes, 1889, section 719. It is not claimed that the defendant accepted the bill in writing. An oral promise, only, to pay it is relied on, which is insufficient. *Flato v. Mulhall,* 72 Mo. 522.

It is conceded that the evidence fails to make out a case of novation under the second count; but counsel for plaintiff urges that there was some competent and substantial evidence to support the cause of action stated in the third.

The case as made by the plaintiff's evidence is substantially as follows: In January, 1893, the plaintiff held the note of W. S. Farmer for $632, which he had pledged as collateral to the Exchange Bank of Springfield. W. S. Farmer was also indebted to the defendant in the sum of $3,100, to secure which the defendant held a deed of trust on a tract of land containing seventy-seven acres. Farmer also owed other parties $19,000 or $20,000, the bulk of which was secured by mortgages and judgment liens. Farmer and his wife were negotiating with the defendant for a new loan of $8,000. The program was to sell the seventy-seven acres under the defendant's deed of trust, thereby cutting off certain judgment liens; the

defendant was to buy the land at the sale, convey it to Farmer and take a reconveyance to secure the contemplated loan. At the same time the plaintiff was negotiating for the sale of a house and lot to Mrs. Farmer for $950. The defendant being apprised of this, and also of the indebtedness of Farmer to plaintiff, communicated to the latter the circumstances under which it was to be effected, and he then agreed with the plaintiff that, if he would procure the order of Farmer for $1,582, the amount of Farmer's debt to plaintiff and the proposed consideration for the house, he would pay it out of the loan to Mrs. Farmer, provided the plaintiff would satisfy a debt of about $500 due from him to defendant and also a debt of $600 or $700 due from him to the Exchange Bank. The plaintiff consented to this. Subsequently Farmer and wife assented to the arrangement, and thereupon the plaintiff conveyed the house and lot and procured from Farmer the written order. Afterwards there was a hitch in the negotiations for the new loan, for what reason it does not clearly appear. It seems, however, that Farmer was indebted to a much greater extent than the defendant supposed, that he had permitted his lands to be sold for taxes, and, by reason of other disagreements between him and the defendant, the loan was abandoned and Farmer attempted to get the money elsewhere. Failing in this, the land was sold under the defendant's deed of trust and it was purchased by him. The plaintiff demanded the payment of the order, and, the defendant refusing to pay, this action was instituted. We have not stated the facts in detail, but have only attempted to make such a statement as is necessary to a full understanding of the legal questions involved.

The language of the statute of frauds, which is pertinent to this case, is: "No action shall be

brought   *   *   *   upon any special promise to answer
for the debt, default or miscarriage of another person,
*   *   *   or upon any contract made for the sale of
lands,   *   *   *   or an interest in or concerning them,
*   *   *   unless the agreement upon which the action
shall be brought, or some memorandum or note thereof,
shall be in writing and signed by the party to be
charged therewith," etc.   Revised Statutes, 1889, sec-
tion 5186.

Concerning the note for $632, the alleged agree-
ment of O'Day to pay it was clearly within the provi-
sions of the statute.   The question should always be
whether the promise is one which assumes to answer
for the debt, default or miscarriage of another.   If so,
then to have any validity whatever the promise must
be in writing and be signed by the promisor.   The
cases make an exception where the promisor for an
adequate consideration moving to himself assumes the
debt, and the original debtor is released from all liabil-
ity.   *Mallory v. Gillett*, 21 N. Y. 412.   The exception
can not prevail here, for the reason that at the time the
alleged agreement was entered into the plaintiff was
not the owner of Farmer's note.   He had passed it to
the Exchange Bank, and the bank was not a party to
the contract.   Therefore, Farmer could not have been
released from the indebtedness, and the defendant
substituted in his place.

It is equally clear that the agreement by the
defendant to pay the additional sum of $950 for the
house and lot falls likewise within the inhibition of the
statute.   The agreement was to pay for the house and
lot which Farmer was about to buy for his wife.   Now,
the object of the statute of frauds is to prevent frauds
and perjuries, and to that end all contracts for the sale
of or concerning lands, to be enforceable, are required
to be in writing.   The reasonableness of the applica-

tion of the statute to cases like we have here will, on reflection, be conceded by all, for otherwise one could be held to pay for land purchased by another upon the bare oath or oaths of others. This evil the statute was intended to remedy. The enactment is a beneficial law, and should be construed liberally in order that its full purpose and object may be attained. Thus an agreement *to purchase* land for another has been held to be within the statute, although it only speaks of contracts for the sale of land. *Hocker v. Gentry*, 3 Met. (Ky.), 463; *Parker v. Bodley*, 4 Bibb, 102; *Mather v. Scoles*, 35 Ind. 2.

Neither can an action of *assumpsit* be maintained against the defendant for the purchase price of the land as upon an agreement fully executed by the plaintiff, for the reason that the debt is that of Mrs. Farmer. The conveyance was to her and not to the defendant, which takes the case out of that class of cases which hold that an action of contract or *assumpsit* will lie to enforce an oral promise to pay a sum of money in consideration of a conveyance of land by the plaintiff to defendant, which has been fully executed by the plaintiff. *Basford v. Pearson,* 9 Allen, 387.

It follows that the judgment of the circuit court must be affirmed. It is so ordered. All the judges concur.