## CHARLES UPHAM v. CHARLES H. CLUTE.

*Order—Verbal acceptance—Statute of frauds.*

The verbal acceptance by a debtor of an order from his creditor for the payment by him to a creditor of the orderer of a certain sum of money, to be applied, when collected, upon the debt due from the orderer, there being no novation nor previous agreement to accept the order, is void, under How. Stat. § 1583, which provides that no person within this State shall be charged as an acceptor on a bill of exchange, unless his acceptance shall be in writing, signed by himself or his lawful agent.

Case made from Calhoun. (Smith, J.) Submitted on brief s April 17, 1895. Decided May 21, 1895.

*Assumpsit.* Defendant assigns error. Reversed, and judgment entered in this Court in favor of the defendant. The facts are stated in the opinion.

*R. S. Lockton*, for appellant.

*Louis C. Miller*, for plaintiff.

MONTGOMERY, J. Plaintiff recovered a judgment of

$15.15 and costs on a trial in the circuit before the court without a jury. Special findings of fact and law were made, and the only question which we consider it necessary to review is whether the findings support the judgment.

The facts found are that on the 26th of October, 1891, one Charles I. Martin made the following order on defendant:

"*C. H. Clute*:

"Please pay G. B. Canney, agent for Charles Upham's place in Marshall, $21, and I will allow you the same on settlement. You are now owing me about $40, before paying this order.

"CHARLES I. MARTIN."

The court found that defendant promised to pay on this order $16, and verbally accepted it for that amount, and paid $2.50, and has never paid any further sum. The court also found that Martin rented the house in Marshall of Charles Upham, and that the house belonged to plaintiff's wife. It was also found as a fact that the order was given to be applied in payment of rent which Martin owed for the Upham house; that it was not given in payment, but was to be applied, when collected, on the rent due.

Defendant contends that the action should have been brought in the name of Canney, or, if brought in the name of the person beneficially interested in the written order, that Mrs. Upham, and not Charles Upham, is the proper party plaintiff.

In the view we take of the case, we need not consider these questions, as we think the further contention of defendant, as to the binding force of the oral promise of acceptance, must prevail. It will be observed that it was not found that there was any novation. On the contrary, the findings negative this. Martin was not discharged from his liability to Upham. The amount of the order was to be applied only when collected. Nor, according to the finding of facts, was there at any time any

previous agreement to accept the order. The case can-not be distinguished from *Pfaff v. Cummings*, 67 Mich. 143, which is very similar in its facts. In that case it was said by Chief Justice CAMPBELL:

"We have two statutes of frauds which govern the suit, both on the special and on the common counts. One makes invalid the unwritten promise to pay the debt of another [How. Stat. § 6185, subd. 2], and the other forbids action on any unwritten acceptance [How. Stat. § 1583]."

Plaintiff relies on *Mitts v. McMorran*, 64 Mich. 664. In that case there was a precedent arrangement between Boynton, the debtor, and Mitts, by which Boynton agreed to give the order, and an agreement by McMorran to accept the order. The order was then obtained, and presented to McMorran, who verbally promised to pay the same. The payment, by the terms of the order, was to be made out of means of Boynton which were to come into the hands of McMorran; the case showing that Boynton had assigned to McMorran a contract upon which a sum of money was to become due to Boynton, and that this assignment was as security for advances to be made by McMorran. The Court say:

"If the testimony showed only that McMorran promised to pay Boynton's indebtedness to Mitts when he received certain moneys from Pittsburgh which belonged to himself, the promise would have been collateral, and void under the statute of frauds. But there was evidence which tended to show that Boynton had placed in defendant's hands a fund or means for obtaining money *belonging to Boynton*, and at Boynton's request, and by the consent of Mitts, defendant promised Mitts to pay him the debt which Boynton owed him out of the money which should be received by him, belonging to Boynton. This would be an original promise, and not within the statute of frauds."

So it has been held in other cases that where the verbal promise to accept an order is in effect a promise to disburse funds held by the drawee for the purpose, or where the acceptance is conditional on having funds of the

drawer on hand, such verbal promise is enforceable. *Sturges v. Bank*, 75 Ill. 595; *Hughes v. Fisher*, 10 Colo. 383; *Comstock v. Norton*, 36 Mich. 277. But no such state of facts is shown in the present record. Here we have the simple case of an order drawn by a creditor upon his debtor, and a verbal acceptance. There is no novation. There is no agreement to disburse funds belonging to the drawer, by the drawee, and we think the case clearly falls within the prohibition of the statute.

The judgment will be reversed, and judgment entered in this Court for defendant, with costs of all the courts, in the taxation of which defendant will be limited to an attorney fee of $15 in the circuit.

The other Justices concurred.