Argued 19 October; decided 31 October, 1898.

## ERICKSON *v.* INMAN.

[54 Pac. 949.]

1. ORDER OPERATING AS AN EQUITABLE ASSIGNMENT.—To give an unaccepted draft or order the effect of an equitable assignment of a fund, it must, by its terms, be drawn upon that fund: *McDaniel* v. *Maxwell*, 21 Or. 202, approved.

2. BILLS AND NOTES—ACCEPTANCE.—Under Section 3194, Hill's Ann Laws, no liability is incurred by the verbal acceptance of a bill of exchange, and either drawer or drawee may urge the objection that the acceptance was not written.

From Multnomah: HENRY E. McGINN, Judge.

Action by Charles Erickson against Inman, Poulson & Co., a corporation. From a judgment for plaintiff, defendant appeals.

AFFIRMED.

For appellant there was a brief over the names of *Cake & Cake*, and *Arthur C. Spencer*, with an oral argument by *Mr. Wm. M. Cake*.

For respondent there was a brief over the name of *Spencer & Malarkey*, with an oral argument by *Mr. Dan J. Malarkey*.

MR. JUSTICE BEAN delivered the opinion of the court.

This is an action to recover a balance of $316.73 for sawlogs sold and delivered by the plaintiff to the defendant between the first day of December, 1894, and the first day of February, 1895. There is no dispute as to the number or price of the logs sold and delivered, but the defendant claims that its indebtedness to the plaintiff, by reason of such sale, had been extinguished prior to the commencement of the action, on account of its having orally accepted an order drawn on it by the plaintiff, and in favor of one C. W. Nelson, in the following form: "Clatskanie, March 29, 1895. Messrs. Inman, Poulson & Co.: Please pay to the order of C. W. Nelson $327.85, and charge same to my account. C. H. Erickson." The evidence shows that this order was drawn and presented by Nelson to the defendant for acceptance before the logs were delivered, but was not accepted in writing, although the defendant promised verbally to pay it when the logs should be delivered, if there was a sufficient amount due the plaintiff for that purpose, and, if not, to apply thereon whatever should be due him. The order, however, not being paid, was returned by Nelson to the plaintiff, who thereafter demanded of the defendant the balance due on the logs, and exhibited to it the Nelson order. The defendant refused to pay such balance until the order should be indorsed by Nelson, and the indorsement guaranteed; whereupon this action was commenced, resulting in a judgment in favor of plaintiff, and defendant appeals.

There are several assignments of error, but, as the rulings of the trial court to which they refer all grew

out of the erroneous theory that a verbal acceptance by the defendant of the order drawn upon it by the plaintiff in favor of Nelson was sufficient to render it liable thereon, it will not be necessay to examine the errors as assigned.

1. There is no ground for the argument that the order operated as an equitable assignment to Nelson of the claim due, or to become due, from the defendant to the plaintiff. To give a draft or an order such an effect, it must, by its terms, be drawn upon a particular fund : *McDaniel* v. *Maxwell*, 21 Or. 202 (27 Pac. 952, 28 Am. St. Rep. 740). This order is not so drawn. It is simply a written request by the plaintiff to the defendant to pay to Nelson absolutely, at all events, a specified sum of money, and is an inland bill of exchange : *Hawley* v. *Jette*, 10 Or. 31 (45 Am. Rep. 129). The defendant, therefore, owed no duty to the payee, nor did it become his debtor unless the draft had been legally accepted by it : 1 Daniel, Neg. Inst. §§ 480, 493 ; *Anderson* v. *Jones*, 102 Ala. 537 ( 14 South. 871.)

2. Now, the statute provides that "no person within this state shall be charged as an acceptor of a bill of exchange unless his acceptance shall be in writing, signed by himself or his lawful agent :" Hill's Ann. Laws, § 3194. There is no pretense that the defendant ever so accepted the order, and, as a consequence, under the express provisions of the statute, it never became liable thereon. Its counsel claim, however, that the statute was passed for the benefit of the drawee, and the objection that the acceptance was not in writing can only be raised by him ; and two Pennsylvania cases are cited in support of this contention, but in neither of them was the question of the effect of a verbal acceptance of a bill of exchange involved : (*Ulrich* v. *Hower*, 156 Pa. St. 414, 27 Atl. 243 ; *Moeser* v. *Schneider*, 158 Pa. St. 412, 27 Atl. 1088);

and the dictum of the court on that question is at variance with the decided cases of that and other States, which agree that, under a statute like ours, no action can be maintained on an acceptance of a bill of exchange unless it is in writing and signed by the drawee : *Maginn* v. *Bank*, 131 Pa. St. 362 (18 Atl. 901); *National State Bank* v. *Lindeman*, 161 Pa. St. 199 (28 Atl. 1022); *Anderson* v. *Jones*, 102 Ala. 537 (14 South. 871); *Duncan* v. *Berlin*, 60 N. Y. 151; *Hall* v. *Flanders*, 83 Me. 242 (22 Atl. 158); *Elliott* v. *Miller*, 8 Mich. 132; *Bassett* v. *Haines*, 9 Cal. 260; *Luff* v. *Pope*, 5 Hill, 413; *Weinhauer* v. *Morrison*, 49 Hun. 498 (2 N. Y. Supp. 544); *Dickinson* v. *Marsh*, 57 Mo. App. 566; *Haeberle* v. *O'Day*, 61 Mo. App. 390; *Upham* v. *Clute*, 105 Mich. 350 (63 N. W. 317). If, under the statute, no action can be maintained against the drawee on a verbal acceptance, then certainly there is no liability on his part; and, if there is no liability, he, of course, cannot set up such order, and his verbal acceptance thereof, as a defense or counterclaim in an action brought against him by the drawer. Since it is admitted that the defendant never accepted in writing the order in question, it necessarily follows, from these views, that its defense to this action must fail, and the judgment must be affirmed.

AFFIRMED.