# Bank of Guntersville *v.* Jones Cotton Company.

## *Assumpsit.*

(Decided April 16, 1908.　Rehearing denied June 18,
46 South. 971.)

1. *Bills and Notes; Commercial Law; Draft with Bill of Lading.*
An accepted sight draft with bill of lading attached endorsed and
negotiated by the payee is governed by the commercial law.

2. *Sales; Delivery to Carrier.*—Where one purchases property from
another with instruction to deliver the property purchased to a
common carrier, consigned to a named person, and the seller deliv-
ered the property to the carrier consigned as directed, the sale is
consummated and the title passes out of the seller.

3. *Sales; Bill of Lading; Endorsement and Transfer; Title to
Property.*—The endorsement of a draft with bill of lading attached,
for the price of cotton sold by the seller who was the payee in the
draft to the plaintiff's bank for discount did not vest the legal title
to the cotton for the sale of which the draft was drawn in the bank,
nor constitute the bank the seller of the cotton.

4. *Bills and Notes; Bonafide Purchaser; Defenses.*—Where in the
ordinary course of busines a bank discounts a draft with bill of lad-
ing attached before maturity, the drawee and acceptor cannot, when
sued on together set up failure or want of consideration.

5. *Appeal and Error; Review; Judgment on Agreed State of Facts.*
—Where a cause is tried on an agreed state of facts by the court
without the intervention of a jury, this court will review the evidence
and render such judgment as should have been rendered without
indulging any presumptions in favor of the trial court's ruling.
(Acts 1894-5, p. 586.)

APPEAL from Morgan Circuit Court.

Heard before Hon. D. W. SPEAKE.

Suit by the Bank of Guntersville against the Jones
Cotton Company. Judgment for defendant, and plain-
tiff appeals. Reversed and rendered.

This cause is tried upon the following agreed state-
ment of facts: "That M. T. Swift, on April 4, 1906,
agreed to purchase one bale of cotton from A. B. Gibson,
in Marshall county, Ala., to be shipped by Gibson to the
Jones Cotton Company at Decatur, Ala. That on said

date a bill of lading was issued to A. B. Gibson by the Tennessee River Navigation Committee, agreeing to transport said bale of cotton to Decatur, Ala. That on said date M. T. Swift drew a draft for $56.08 on the Jones Cotton Company at Decatur, Ala., as shown by draft hereto attached. That said A. B. Gibson on said date sold said draft, with bill of lading attached, to the Bank of Guntersville, and indorsed said bill of lading and said draft to said Bank of Guntersville, which draft and bill of lading and indorsements thereon are hereto attached and made a part of this agreement. Said draft and bill of lading was delivered to said Bank of Guntersville at the time of the said sale thereof to said bank; said bank paying said Gibson the sum of $56.08, less the customary bank discounts. That at the time said draft was drawn and bill of lading issued one S. C. Capehart, of Columbus City, Marshall County, Ala., held a landlord's lien on said bale of cotton in a sum equal to or exceeding the value of said bale of cotton by reason of the same having been grown on the land of said Capehart, located and situated in Marshall county, Ala., in the year 1905, through a rent contract for lands between said Capehart and said Gibson for said year, and that said rent was due and unpaid and lien undischarged at the time said bale of cotton was sold by Gibson and said draft and bill of lading issued. That said Swift, at the time of agreeing to purchase said property and at the time he issued said draft, had no knowledge of said lien, and that at the time said Bank of Guntersville purchased said bill of lading the said bank had no knowledge of said lien; but said Gibson knew of the existence of said rent debt and the lien therefor on said bale of cotton. That subsequent to the 4th day of April, 1906, the said Bank of Guntersville, through its agents and correspondents, presented said draft, with said bill

of lading attached, to the Jones Cotton Company at Decatur, Ala., for acceptance, and that the said Jones Cotton Company accepted the same, as is shown by indorsements on the face of the draft. That at the time said Jones Cotton Company accepted said draft they had no knowledge of the existence of the debt and lien of said Capehart. That when said draft, with bill of lading attached, was presented to the said Jones Cotton Company for payment, they declined to pay the same, and the same has never been paid by them. It is further agreed that said Capehart recovered and took possession of said bale of cotton prior to this suit under his landlord's lien. It is further agreed that the legal title of said bill of lading and draft was in the Bank of Guntersville at the time of the bringing of this suit, and that they have been the legal owners of said bill of lading and draft since the 4th day of April, 1906, on the day the same was purchased by them and delivered to them."

The draft is as follows:

"$56.08　　　　　　　　　　　　　　4, 4, 06.

"At sight pay to the order of A. B. Gibson fifty-six dollars and eight cents, value received, and charge to account of one bale of cotton, bill of lading attached.

　　　　　　　　　　　　　　　　"M. T. Swift.

"To Jones Cotton Company, Decatur, Ala."

Written across the face of the draft is the following: "Accepted, payable April 9, 1906. Jones Cotton Company, per N. R. Mason." On the back of the draft is the following indorsement: " A. B. Gibson." The bill of lading was in the usual form and was indorsed: "A. B. Gibson."

D. C. ALMON, and LOWE & TIDEWELL, for appellant. The draft drawn is governed by the commercial law.—Sec. 869, Code 1896; *Auerback v. Prickett*, 58 Ala. 451;

*Harris v. Russell,* 93 Ala. 59; *Anderson & Co. v. Jones,* 102 Ala. 537; 10 A. & E. Ency of Law, 218. The plaintiff purchased said draft in the usual course of business in good faith before maturity and without notice.— *Brown v. 1st Nat. Bank,* 103 Ala. 123; *Scott v. Taul,* 115 Ala. 529. The delivery of the cotton to the carrier divested the title from the seller to the buyer.—*Robinson v. Pogue,* 86 Ala. 257; *McCormack v. Joseph,* 77 Ala. 236; *A. G. S. Ry. v. Mt. Vernon Co.,* 84 Ala. 173; *L. & N. v. Allgood,* 113 Ala. 163; *Walter v. A. G. S. R. R. Co.,* 142 Ala. 474.

CALLAHAN & HARRIS, for appellee. From the undisputed facts Gibson assigned the bill of lading to the bank of Guntersville, the bank became the owner of the property covered by the bill of lading.—*Hass & Co. v. Citizens Bank of Dryersburg,* 144 Ala. 563; *Finch v. Gregg,* 49 L. R. A. 679; *Exchange Bank v. Surles,* 32 South. 287.

DOWDELL, J.—There can be no doubt that the instrument sued on is governed by the commercial law.— *Anderson & Co. v. Jones,* 102 Ala. 537, 14 South. 871, and authorities cited in that case. The facts in this case are essentially different from the facts in the case of *Haas & Co. v. Citizens' Bank of Dyersburg,* 144 Ala. 562, 39 South. 129, 1 L. R. A. (N. S.) 242, 113 Am. St, Rep, 61, relied on by appellee. There was no retention of title to the property by the vendor in the case before us. The bank discounting the draft sued on was in no sense the vendor of the bale of cotton forming the consideration of the draft drawn by M. T. Swift on the defendant in favor of the payee, Gibson. When Swift bought the bale of cotton from Gibson, and instructed him to ship it to the Jones Cotton Company, the delivery

of the cotton to the common carrier by Gibson, consigned to the Jones Cotton Company in pursuance of Swift's instructions, divested the title out of Gibson. The indorsement by Gibson of the draft, with bill of lading attached, did not operate to put the legal title to the bale of cotton in the plaintiff; nor did it, as said above, constitute the plaintiff the vendor of the cotton. The plaintiff became the owner of the draft before its maturity, in the ordinary course of business, and consequently the drawee and acceptor cannot be heard to set up the defense of failure or want of consideration.

The case was tried by the court below without the intervention of a jury, and upon an agreed statement of facts. The court is authorized, by an act regulating the practice, etc., in the circuit court of Morgan county (Acts 1894-95, p. 586), to review the conclusion and judgment of the lower court in such cases on the evidence, without any presumptions in favor of the rulings of the lower court, and in case of error to render such judgment here as the lower court should have rendered. From what we have said above as to the law of the case, it follows that on the agreed statement of facts the judgment appealed from must be reversed, and one will be here rendered in favor of the plaintiff.

Reversed and rendered.

TYSON, C. J., and SIMPSON and MCCLELLAN, JJ., consur.