# Faircloth-Byrd Mercantile Co. v. Adkinson.

### *Assumpsit.*

(Decided April 21, 1910.   52 South. 419.)

1. *Bills and Notes; Acceptance; Pleading.*—It is not necessary to allege that the acceptance of a bill of exchange is in writing in declaring on it, but written acceptance must be proven.

2. *Same; Bills of Exchange; Written Acceptance.*—An order drawn by one person on another in favor of a third person for a specific sum is a bill of exchange, which can only be accepted by a writing signed as required by section 880, Code 1896.

3. *Evidence; Admissions; Oral Acceptance of Bills of Exchange.*—Where the action was on an orally accepted order for the rent of certain mules, and defendant's original promise to pay the rent of the mules was also declared on, defendant's oral acceptance of an order for the amount due, while not competent to fix liability on the order, was competent as evidence to show defendant's original promise to pay.

APPEAL from Geneva County Court.

Heard before Hon. P. N. HICKMAN.

Action by W. A. Adkinson against the Faircloth-Byrd Mercantile Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The first and third counts were the common counts. The second count was as follows: "Plaintiff claims of the defendant the sum of $123.75, due by order given by J. C. Hinson on defendant for $123.75, on May 22, 1907, and payable to the plaintiff, which said order defendant accepted and promised to pay, and on which

[Faircloth-Byrd Mercantile Co. v. Adkinson.]

it did pay $22, which is admitted as a credit, but failed and refused to pay the balance." The pleas were that the order declared upon was not accepted in writing and signed by the defendant drawee; second, special promise to answer for the debt, default, or miscarriage of another. The following charge was requested by the defendant: "(3) If the jury believe the evidence in this case, they cannot find for the plaintiff on the second count of the complaint."

C. D. CARMICHAEL, for appellant. The statutes plainly provides that no one shall be bound by an acceptance except it be in writing, and that it was in writing should appear from the complaint.—Sec. 880, Code 1896; 1 Words & Phr. 784. Counsel discuss other assignments of error, but without citation of authority.

W. O. MULKEY, for appellee. No brief came to the Reporter.

SIMPSON, J.—This suit is by the appellee against the appellant; the first and third being common counts, and the second being on the acceptance of an order.

Defendant demurred to the second "paragraph" of the complaint, but in its assignments refers to the count, and the court treated it as a demurrer to the second count and overruled it. While this is irregular, yet, as no point was made on the wording of the demurrer, we will treat it as the court did.

The insistence of the appellant is that the demurrer should have been sustained to said second count, because it does not allege that the acceptance of the order was in writing. There was no error in overruling the demurrer. This court has held that, in declaring on the acceptance of a bill of exchange, it is not necessary to allege that it is in writing, although that must be prov-

ed.—*Whilden & Sons v. M. & P. Nat. Bank,* 64 Ala. 1, 29, 38 Am. Rep. 1.

Defendant then interposed a plea stating that the said order was not accepted in writing and signed by the defendant, the drawee. A demurrer was interposed to this plea and sustained by the court. In this there was error.

This court has held that an order drawn by one person, upon another, in favor of a third person, for a specific amount, is a "bill of exchange," and that an acceptance, to be binding, must be in writing and signed as the statute requires.—*Anderson & Co. v. Jones,* 102 Ala. 537, 538, 539, 14 South. 871; Code 1886, § 1766; Code 1896, § 880.

While the order, itself, and the testimony as to its verbal acceptance, were not admissible in order to fix a liability on the order, yet, in view of the testimony tending to show an original promise to pay the rent of the mules, if plaintiff would let Hinson have them, and of the further testimony tending to show that when the account was presented to the defendant's president he requested the plaintiff to get a statement from Hinson, as to the amount due, said evidence was properly admitted as applicable to the first and third counts of the complaint, and as tending to show that he accepted the statement made by Hinson, as showing the amount due. For the same reason the second order for $37.50 was admissible; but its probable force should have been limited and explained.

For reasons stated the court erred in refusing to give charge 3, requested in writing by the defendant.

What has been said sufficiently indicates the law of this case, and it is unnecessary to mention specifically the other charges refused and given.

The judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.